R. E. Moody, Administrator, etc., v. H. B. Smoot et al.

No. 6603.

1. **Husband's Rights Over Common Property After the Wife's Death.**— After the death of the wife the husband has the right to administer the community property for the payment of community debts without interference on part of her legal representatives.

2. **Same.**—Upon the death of the wife the husband occupies the relation of a surviving partner in an ordinary partnership.

3. **Injunction.**—An administrator of a wife can not by injunction control the action of a surviving husband in his administration of the community property. Such control may be directed as to the separate property of the wife by her administrator.

4. **Heirs of Wife.**—Children and heirs of the wife interested in the community property can by injunction prevent the father from applying the community property to other uses than paying the debts of the community.

5. **Joinder of Causes of Action.**—A surviving husband, there being minor children of the marriage, conveyed in trust to secure his own debt a stock of cattle belonging in part to the separate estate of his wife and in part community, in fraud of the administrator of the wife and of the minor children. The two causes arising from the same act may be joined.

6. **Final Judgment.**—In the suit to enjoin the sale of the mortgaged cattle the

petition made parties defendant the trustee, the beneficiary, and the mortgagor. The latter was not served with citation nor ever noticed in the subsequent proceedings. *Held,* that the case stands as if discontinued as to him. He is, however, a proper party and should be served with citation.

APPEAL from Mitchell. Tried below before Hon. Wm. Kennedy. The opinion states the case.

*Sexton & Smith,* for appellant.— 1. R. E. Moody, as administrator of the estate of Amanda C. Hay, is entitled to the possession of the separate property of Amanda C. Hay and of her interest in the community property of said Amanda C. and John D. Hay, the said John D. not having qualified as required by law as survivor of the community between himself and said Amanda, and having refused to qualify as said survivor or to administer on said estate of Amanda C. Hay. Rev. Stats., arts. 1930–1934, 2164–2181; Brown v. Seaman, 65 Texas, 629; Akin v. Jefferson, 65 Texas, 144, 145.

2. R. E. Moody does not seek as next friend of the minor children of Amanda C. Hay to recover any part of the community estate of John D. and Amanda C. Hay. He alleges himself to have been appointed administrator of the estate of Amanda C. Hay by the proper tribunal having jurisdiction to consider and authority to make such appointment. He seeks to recover the separate property of Mrs. Hay as such administrator for the benefit of her minor children, whose next friend he represents himself to be. He seeks to recover and administer Mrs. Hay's share of the community property between herself and John D. Hay, because her surviving husband John D. Hay has not qualified as surviving husband in accordance with law, has not administered on her estate, but has refused to do either, and is improperly using and attempting to dispose of Mrs. Hay's share of the community property and of her separate property.

3. R. E. Moody, plaintiff and appellant, seeks to recover only such of the separate property of Mrs. Hay, or its proceeds, as can be distinctly and clearly traced by proof to the satisfaction of the court or jury who may try the case, which by law he is clearly entitled and authorized to do. McIntyre v. Chappell, 4 Texas, 198, 199; Love v. Robertson, 7 Texas, 6, 7, 9, 11; Huston v. Curl, 8 Texas, 242; Chapman v. Allen, 15 Texas, 283; Rose v. Houston, 11 Texas, 326, 327; Hamilton v. Brooks, 51 Texas, 145; Baldridge v. Scott, 48 Texas, 178; Schmeltz v. Garey, 49 Texas, 60, 61.

4. The right of a conjugal survivor to administer the community estate, pay community debts, and dispose of community property is not necessarily exclusive and absolute under the law of Texas. It only becomes exclusive when such survivor qualifies as survivor according to law. It is never absolute, because the law prescribes that the survivor can only administer and use community property to pay community debts. The

law itself provides how the balance of a community estate left after the payment of community debts shall descend and vest. Rev. Stats., arts. 1789, 1861, 1930, 1934, 2164, 2166–2181; Brown v. Seaman, 65 Texas, 629; Akin v. Jefferson, 65 Texas, 144, 145.

5. There is neither misjoinder of parties nor causes of action, because all the matters alleged by plaintiff and on which he seeks to recover are connected with and grow out of the same cause of action and transaction, and in order to prevent circuity and multiplicity of actions can be considered and disposed of in the same suit. Railway v. Graves, 50 Texas, 202; Bond v. Dillard, 50 Texas, 310; Clegg v. Varnell, 18 Texas, 303; Walcott v. Hendrick, 6 Texas, 415; Dobbin v. Bryan, 5 Texas, 285; Fitzhugh v. Custer, 4 Texas, 395; Love v. Keowne, 58 Texas, 198.

*Jennings & Martin,* for appellees.— 1. The administrator of a deceased wife is not in law the administrator of the community estate of his intestate and her surviving husband. The law provides for a separate administration upon the community estate, and vests this right in the survivor or such other person as shall succeed him in said administration, and in no other way. Rev. Stats, arts. 2164, 3183.

2. John D. Hay, as survivor of the community, has four years after the death of his wife within which to qualify as survivor of said community; and the limitation not having expired, and it not being alleged that Hay had waived his right to qualify as said survivor, and there being no administrator appointed by any court having jurisdiction of said community estate to administer upon the same, the survivor can not be deprived of its control and possession by the administrator of the deceased wife's estate. Rev. Stats., art. 2166, *et seq.;* Acts 1876, chap. 84, sec. 116.

3. There is a misjoinder of parties plaintiff and also of the causes of action set up in plaintiff's petition, in that the petition seeks the recovery by R. E. Moody, administrator of the estate of Amanda C. Hay, deceased, of the entire community property for the purposes of administration, and the recovery of the separate estate of Amanda C. Hay by him as next friend of the minor heirs in their own right, and it is to this irreconcilable joinder of two separate and independent causes of action in the name of two plaintiffs holding by separate right that appellees' sixth special exception was particularly directed. Allen v. Read, 66 Texas, 21; Thompson v. Bohannon, 38 Texas, 241; Frost v. Frost, 45 Texas, 341; Oliver v. Robertson, 41 Texas, 422; Longscope v. Bruce, 44 Texas, 434.

4. There is no final judgment rendered in the court below from which appellant could appeal, in that the suit is not disposed of as to defendant John D. Hay. Roderiguez v. Trevino, 54 Texas, 200; Linn v. Arambould, 55 Texas, 619; Boles v. Linthicum, 48 Texas, 223; Green v. Banks, 24 Texas, 524; Hulme v. Janes, 6 Texas, 242; Wootters v. Kauffman, 67 Texas, 497.

GAINES, ASSOCIATE JUSTICE.—The appellant R. E. Moody, as administrator of the estate of Amanda C. Hay and as next friend of her two minor children, brought this action against John C. Hay, her surviving husband and the father of her children, the First National Bank of Colorado, and one H. B. Smoot. The object of the suit was to enjoin the sale of a stock of cattle alleged to belong in part to the community estate of Hay and his deceased wife and in part to her separate estate. It was alleged that Hay after his wife's death had executed a mortgage upon the cattle to secure a note given to the bank for money borrowed, not to pay community debts but for his own individual use, and that Smoot, the trustee, was about to sell the property to pay the debt. A writ of injunction was issued, which was dissolved upon the coming in of the answer. The cattle were then sold by the trustee and bought by one Robertson.

The plaintiff subsequent to the sale filed an amended petition, in which, in addition to the facts stated in the original petition, he alleged the sale of the cattle and the purchase by Robertson, and made him a party defendant. He prayed for the recovery of the cattle which belonged to the community estate of Hay and wife, to be administered by Moody as administrator of the estate of Mrs. Hay for the payment of the community debts; and also for the recovery of the cattle alleged to belong to the separate estate of Mrs. Hay, and that if any of these can not be found for a judgment for their value. There was also a prayer for general relief.

A general demurrer and sundry exceptions to the amended petition were sustained by the court, and the plaintiffs declining to again amend the suit was dismissed. The exceptions are mostly but the statement of reasons in support of the general demurrer. There were, however, two special exceptions properly so called, which will be noticed in course of this opinion.

One of the grounds of the demurrer so presented was that the plaintiff Moody as administrator of the estate of Mrs. Hay had no right to the possession or control of the property which had belonged to her and her husband in common. This presents a question which seems never to have been decided in this State. In Jones v. Jones, 15 Texas, 143, the right of the surviving husband to administer the community property and to pay subsisting debts against it when there has been no administration upon the estate of the deceased wife is fully recognized; and there are expressions in the opinion from which it may be inferred that the court were of the opinion that an administration might be granted upon the estate of a deceased wife during the life of the husband which would confer upon the administrator the right to administer the community property to pay community debts. But that question was not involved in the case. In Walker v. Howard, 34 Texas, 478, the court held that the qualification of the executor of the will of the deceased wife did not take away the power of the husband to sell the community property for the payment of the debts of the community. But other parts of the opinion suggest a

doubt whether the court intended to hold that no administration could be granted upon the community property in the right of the deceased wife as long as the husband survived.    In Brown v. Seaman, 65 Texas, 628, the court in treating of this subject say: "The right of the survivor in community to the absolute management of the common estate is secured by statute only in the event that a bond with sufficient sureties, conditioned as the statute directs, is filed in the County Court of the proper county.    Unless this is done the property is open to administration as in other cases."

This language was applied to a case in which the husband died and the wife survived.    As applied to a surviving wife the propositions are sound, but in the opinion that the same rule applies to the surviving husband (if such was the opinion intended to be expressed by the court) we do not concur.    The Act of the 26th of August, 1856, merely enlarged the powers of the surviving husband and did not take away his authority under previously existing laws, except in case he had been cited to give the bond required by the act, and having failed to do so administration had been granted upon the wife's estate.    So much of the act as enabled any party interested in the estate to force the survivor to give bond or to cause letters of administration to issue is omitted from the Revised Statutes and is repealed.    See title 37, chap. 28, art. 2164, *et seq.*    So far then as the question before us is concerned, the law is now as it was before the Act of 1856 was passed.

The wife's interest in the common property after the community debts are paid is equal to that of the husband.    He has the sole management during the life of his wife, but it is a mistake to assume that it is only in this respect that their rights and obligations in regard to that property differ.    His control of it during her life is absolute.    Barring any disposition made with intent to defraud her, he may sell, barter, or give it away.    All debts contracted by him he is liable to pay, not only from the community estate but also from his separate property, and he is subject to be sued therefor both before and after his wife's death.

The community debts are his debts, but are not ordinarily the debts of the wife, except in the sense that the community property is burdened with the liability for their payment.    Being liable to a suit on the community obligations and to have his separate property sold under execution for their payment, it is but reasonable that upon the death of the wife he should have the right to administer the common estate for the payment of the common debts without interference on part of her legal representatives.    Upon the death of the wife he occupies the relation of a surviving partner in an ordinary partnership.    He is liable absolutely for all the debts of the partnership.    The case of the wife upon his death is different.    She, it is true, is a surviving partner, but as a general rule she is personally liable for none of the debts of the partnership.    It follows,

therefore, in our opinion that while his administrator should have the right to administer the common property and to apply it to the payment of his debts, it was never contemplated that the administrator of the wife so long as he survived should have the same right. The laws of Louisiana in relation to the community estate of the husband and wife are very similar to those of our State, and the Supreme Court of that State distinctly hold that the administrator upon the estate of the deceased wife has no control over the community property so long as the husband survives. Hawley v. Bank, 26 La. Ann., 230; Williams v. Fuller, 27 La. Ann., 634.

If it should be urged that the administrator of the estate of the deceased wife should have control at least of the wife's half of the community in order to subject it to the payment of her debts, the reply will be that her debts are all chargeable upon the community property and may be enforced against it by a suit against the husband. Article 2854 of the Revised Statutes provides: "The wife may contract debts for necessaries furnished herself and children and for all expenses which may have been incurred for the benefit of her separate property, and for such debts suit may be brought as prescribed in article 1205." The object of the statute was to give the power to the wife to charge her separate property, but it seems to us it was not intended to exempt the community from liability. The highest considerations of justice demand that the common property should be chargeable with debts contracted by her for necessaries for herself and children, and it would be most inequitable and unjust that the community property should be made to respond to the husband's debts contracted for the benefit of his separate estate and should not be liable for debts contracted for hers. It is to be borne in mind that the income of her separate property is community. As to her debts before marriage, it is held in Taylor v. Murphy, 50 Texas, 291, in a well considered opinion, that the common property is liable for their payment. That case arose under the law as it existed before the Revised Statutes went into effect, but we do not see that they have made any material change as to the liability of the community for the wife's antenuptial obligations.

It follows from what we have said that in our opinion appellant Moody as administrator had no right to prosecute this suit as to so much of the property as was the community property of John D. Hay and his wife; but that he had a right to bring a proper action to recover or to protect the separate property of his intestate is clear. There was an exception to so much of the petition as related to the separate property on account of the indefiniteness of the description. We think the description insufficient to authorize a suit for the recovery of the specific property, but that it was sufficient to authorize a recovery of damages for its conversion. The facts alleged show a conversion in legal effect, and there was a prayer

for general relief, and therefore the exception under consideration should not have been sustained.

Although the administrator had no right to sue for the preservation of the cattle alleged to belong to the community, it does not follow that the minor plaintiffs could not bring such suit. Their father held one-half interest in that property in trust for them, subject to the payment of the community debts. The facts alleged in their petition showed a breach of trust and a fraud upon them; and they had the right upon proof of the allegations in the first place to restrain the sale under the deed in trust, or after the sale to recover of any one who participated in the fraud with knowledge of the facts. Exactly what remedy should be applied in the present condition of the property, we will not here discuss.

An exception was also sustained to the petition on the ground of a misjoinder of parties plaintiff and of causes of action. It appears from what we have already said that we are of the opinion that the petition sets up a cause of action both on behalf of the administrator of Mrs. Hay's estate and of her minor children. If the two causes of action were properly combined in one suit, all were necessary parties to it.

The question of multifariousness is one of more difficulty. But according to the allegations of the petition both the separate and the community property which are the subject matter of this suit were mortgaged by the surviving husband by one instrument to secure his own individual debt. It was but one transaction. The act alleged was a fraud both upon the rights of the administrator and of the heirs of Mrs. Hay. Besides, it would seem that the cattle of the community estate and of the separate estate were intermingled, and that there were likely to be questions as to which estate certain of them belonged. Under these circumstances we are of opinion that there is such a connection between the suit of the administrator for the recovery of the separate property and the suit of the minor plaintiffs for the protection of their interests in the community estate as, under the liberal rules adopted in this court, entitle them to be prosecuted in the same action. Clegg v. Varnell, 18 Texas, 294; Railway v. Graves, 50 Texas, 181.

Appellees suggest in their brief there is no final judgment because there was no disposition made of the case as to defendant John D. Hay. If there was no final judgment we have no jurisdiction to determine this appeal. Hay was made a party defendant. The record does not show that he was ever cited. No citation appears in the transcript. The other defendants answered, but he did not. He is not mentioned in the judgment. Not having been brought into court and not having voluntarily appeared, he was not such a party to the suit as that judgment could be rendered for or against him. We are of opinion therefore that the plaintiffs having gone to trial upon the exceptions of the other defendants, and the exceptions having been sustained and the suit dismissed without any applica-

tion on their part to continue as to Hay, the case stands as if there had been a discontinuance as to him, and that the judgment should be treated as a final judgment as to all parties who were before the court. It would seem that Hay is a proper party to the suit, and that before another trial he should be made a party and should be duly cited.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

Delivered June 28, 1890.