VARRS et al. v. FAULKNER et al.

(Court of Civil Appeals of Texas. San Antonio. June 7, 1911.)

APPEAL AND ERROR (§ 79*) — PARTIES — DEFENDANT NOT SERVED.

One joined as a defendant, but not served and who did not answer, is not such a party to the suit that a judgment in which no notice was taken of him was for that reason not final, so as to require dismissal of a writ of error.

[Ed. Note.—For other cases, see Appeal and Error, Dec. Dig. § 79.*]

Error from District Court, Hale County; L. S. Kinder, Judge.

Action by C. J. Varrs and others against L. M. Faulkner and others. Judgment for defendants, and plaintiffs bring error. Motion to dismiss overruled.

FLY, J. Defendants in error seek to dismiss this writ of error on the ground that the judgment of the court below is not a final judgment.

It seems that H. F. Jamison, of Sparlin, Ill., was made a defendant in the lower court, but he did not answer, nor does it appear from the record that citation was served upon him, and no notice is taken of him in the judgment, or any other order of the court, and for that reason it is claimed the judgment is not final. The case of Moody v. Smoot, 78 Tex. 119, 14 S. W. 285, seems to be directly in point, and against the motion to dismiss. In that case it was said: "Appellees suggest in their brief there is no final judgment, because there was no disposition of the case as to defendant John D. Hay. If there was no final judgment, we have no jurisdiction to determine this appeal. Hay was made a party defendant. The record does not show that he was ever cited; no citation appears in the transcript. The other defendants answered, but he did not. He is not mentioned in the judgment. Not having been brought into court and not having voluntarily appeared, he was not such a party to the suit as that judgment could be rendered for or against him. We are of opinion, therefore, that the plaintiffs having gone to trial upon the exceptions of the other defendants, and the exceptions having been sustained and the suit dismissed without any application on their part to continue as to Hay, the case stands as if there had been a discontinuance as to him, and that the judgment is a final judgment as to all parties before the court."

The motion to dismiss is overruled.

---

SCROGGINS v. L. R. NEECE LUMBER CO. et al.

(Court of Civil Appeals of Texas. Dallas. June 3, 1911.)

APPEAL AND ERROR (§ 1169*)—REVERSAL—FAILURE TO FILE FINDINGS AND CONCLUSIONS.

Failure of the trial judge after due request to prepare and file conclusions of law and fact as required by Acts 30th Leg. (1st Ex. Sess.) 1907, c. 7, is reversible error.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 4537; Dec. Dig. § 1169.*]

Appeal from District Court, Freestone County; H. B. Daviss, Judge.

Action between George L. Scroggins and the L. R. Neece Lumber Company, and from the judgment Scroggins appeals. Reversed and remanded.

D. T. Garth, for appellant.

RAINEY, C. J. We find in the record a bill of exceptions duly signed by the trial judge that in due time after the trial was ended, the case having been tried by the court without a jury, the appellant filed a written request for the court to prepare and file conclusions of law and fact, which request was duly called to the attention of the judge within said term and before final adjournment, but the judge failed to comply with said request, and said cause is here without any conclusions of law and fact.

The judge appended to the bill reasons why such conclusions were not prepared and filed, which exonerate him from willful neglect, but it does not relieve the appellant of being deprived of a substantial right to which he is entitled under the statute.

For the error in failing to prepare and file such conclusions (Wandry v. Williams [Sup.] 124 S. W. 86), the judgment is reversed and the cause remanded.

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig Key No. Series & Rep'r Indexes