## GREENWALL et al. v. LIGON et al.
### (No. 951—5071.)

Commission of Appeals of Texas, Section B. March 13, 1929.

Ross, Ross & Alexander and McCart, Curtis & McCart, all of Fort Worth, for plaintiffs in error.

T. J. Powell, R. C. Armstrong, Jr., and Virgil R. Parker, all of Fort Worth, for defendants in error.

LEDDY, J. We adopt the following statement of the case made by the Court of Civil Appeals:

"Mitchell W. Greenwall sued Frank De Beque, W. L. Ligon, purporting to be the administrator of the estate of Maggie De Beque, deceased, May De Beque, a minor, and Guy J. Price, Jr., guardian of the estate of May De Beque, and for cause of action alleged: That W. L. Ligon was theretofore the duly appointed, qualified, and acting administrator of the estate of Maggie De Beque, deceased, that Guy J. Price, Jr., was the duly appointed and qualified guardian of the estate of May De Beque, a minor, and that Frank De Beque claimed to have been the common-law husband of Maggie De Beque, deceased. That on or about January 21,

1924, plaintiff made and executed his eight promissory notes in part payment for certain lots purchased; note No. 1 being for $2,500, due 6 months after date, note No. 2 for $2,500, due 12 months after date, and notes 3 to 8, both inclusive, for $5,000 each, due on or before 2 to 7 years, respectively, after date, said notes reciting that they were payable to the estate of Maggie De Beque. That plaintiff paid note No. 1 for $2,500 unto said W. L. Ligon, as administrator of the estate of Maggie De Beque, deceased, and that said Ligon, under orders of the probate court as administrator, executed a release of said note and the lien securing the same. That on May 13, 1924, the county court of Tarrant county entered an order authorizing said Ligon as administrator to sell the above-described note No. 2 to Stella E. Daggett, and that plaintiff subsequently paid said note in full to Stella E. Daggett, and the same was released by her. That, after the execution of said notes by plaintiff and the payment of the first two notes, plaintiff learned that Frank De Beque and W. L. Ligon, as administrator, and May De Beque, by her guardian, Guy J. Price, Jr., and other parties not necessary here to mention, were parties to a suit involving the estate of Maggie De Beque, deceased, the suit being cause No. 66897, styled Frank De Beque v. W. L. Ligon, Administrator, et al., and by the terms of the judgment in said suit a decree was entered to the effect that the three parties not involved in this appeal were to be paid the sum of $7,500 each out of said estate, and that all the property of the estate of Maggie De Beque was the community property of herself and Frank De Beque. That May De Beque was the adopted child and only child of said Maggie De Beque, and that the estate of Maggie De Beque should go in equal portions to said Frank De Beque and May De Beque. That subsequently, on April 4, 1925, an order was entered in this cause, setting aside the above judgment, and on April 15, thereafter judgment was entered in said cause, based upon a verdict of the jury specially finding that May De Beque was a minor, and that her guardian and next friend was Guy J. Price, Jr., and that said minor and her guardian were to have and recover from the defendant W. L. Ligon and other parties all of the six unpaid vendor's lien notes executed by plaintiff. That said Ligon did not appeal from said last-named judgment, but that an appeal was taken by Frank De Beque, without his filing a supersedeas bond, and that a writ of error is now pending in the Supreme Court. That May De Beque and her guardian are claiming that said above six notes are the property of said May De Beque, and that they are entitled to receive payment thereof from plaintiff, and are demanding the same, and are contending that said judgment entered on April 15th is a final judgment as against Ligon, by reason of

his not appealing therefrom. That said Ligon has possession of said notes, and is claiming the same as administrator of the estate of Maggie De Beque, and is insisting that same be paid to him as said administrator, and is contending that said judgment hereinbefore mentioned is not a final judgment against him, for the reason that it is therein adjudged that it be certified to the probate court for observance. That said Ligon is still contending that he is the administrator of the estate of Maggie De Beque and as such is entitled to collect said note, in face of the fact that by said judgment said May De Beque and her guardian recovered judgment of him for the title and possession of said six notes, and in the face of the fact that he did not appeal from said judgment. That, in said suit pending before the Supreme Court of Texas ([Tex. Com. App.] 292 S. W. 157) Frank De Beque is claiming that he is the surviving husband of Maggie De Beque, and that said notes are a part of the community estate of himself and his deceased wife, Maggie De Beque. That he, as such community survivor, is entitled to the possession, control, and disposition of said six notes.

"Plaintiff alleged that by reason of said three claims to the title and right of possession of the unpaid six vendor lien notes he was uncertain as to which one of the three he should make payment of the notes, and secure a valid release thereof; that he could not, because of said conflicting claims, safely pay the notes and interest to either of said conflicting claimants upon his release alone. Hence he interpleaded W. L. Ligon as administrator, May De Beque and her guardian, Guy J. Price, Jr., and Frank De Beque, and paid into court the amount he claimed to be due, which, with interest, amounted to $32,341.13.

"Frank De Beque answered by a general demurrer, a general denial, a plea of estoppel, and further pleaded that W. L. Ligon as administrator of the estate of Maggie De Beque was entitled to recover from plaintiff the full amount of principal, interest, and attorney's fees as provided in said notes.

"W. L. Ligon answered by way of a general demurrer, and specially admitted the execution of the notes by plaintiff, payable to the estate of Maggie De Beque, deceased. He specially pleaded a judgment rendered in the district court of the Forty-Eighth judicial district, Tarrant county, which authorized Carl M. Johnson, commissioner, to convey by proper deed the property and real estate described in plaintiff's petition to plaintiff, and to accept eight vendor's lien notes in the aggregate principal sum of $35,000 therefor, payable to the estate of Maggie De Beque, deceased. He alleged that as administrator of the estate he was entitled to the payment of said notes, and he prayed for a judgment against plaintiff for his debt, interest, and at-

torneys' fees and for a foreclosure of the vendor's lien.

"May De Beque pleaded the judgment of April 15, 1925, rendered by the Ninety-Sixth judicial district court of Tarrant county, in which said minor through her guardian recovered a judgment against Frank De Beque and W. L. Ligon, as administrator. In her answer she recited that only Frank De Beque appealed therefrom, and the judgment of the district court was affirmed by this court (286 S. W. 749), and that a writ of error had been granted by the Supreme Court, and the case at the time of the filing of the answer was pending in the Supreme Court. She prayed for an abatement of this suit, at least pending the decision of the Supreme Court. She entered a general demurrer and a general denial.

"As to the plea of plaintiff that he be allowed attorneys' fees for bringing the suit, she alleged: That just prior to the filing of this suit Aubrey Alexander, of the firm of Ross, Ross & Alexander, called upon Edwin T. Phillips, one of the attorneys of May De Beque, and Guy J. Price, Jr., as guardian, and stated that Mr. Greenwall wanted to pay off these notes, and Alexander was then and there advised by Edwin T. Phillips that so far as this estate was concerned they did not insist nor care about these notes being paid off at that time, and that they would prefer that same be allowed to continue drawing interest until the final determination of the issues in the cause now pending in the Supreme Court. That, while Mr. Alexander did advise said attorney that Mr. Ligon, as administrator, was willing to execute a release, he did not leave the impression or advise said attorney that it was imperative that some action be taken to allow Mr. Greenwall to pay these notes. That Phillips told Alexander that May De Beque, to whom these notes had been adjudicated in the judgment pending in the Supreme Court, would not insist upon these notes being paid because one or more of said notes was past due, and that, so far as she was concerned, or her guardian, they would not request the payment of said notes, and said minor's estate, being the owner of same, would not do anything that would be detrimental to the rights of plaintiff. That he did not see how the administrator could insist upon attorneys' fees if the property was finally adjudicated to May De Beque by the Supreme Court, and that at least said minor and her guardian would do anything that was reasonable and would not inflict any hardship upon Greenwall. That Mr. Alexander did not advise the attorneys for said minor that he was going to file a suit or interpleader, nor that it was absolutely necessary at this time that this matter be determined, or else some action would have been taken by way of agreement with all parties to relieve plaintiff from any responsibility.

That, without so advising said attorney or the guardian of May De Beque, this suit was filed by plaintiff. She prayed that, if a judgment be entered herein, the property be decreed to be that of the said May De Beque, awarding the same to Guy J. Price, Jr., the guardian of her estate, and that no attorneys' fees or costs of suit be allowed to plaintiff or his attorneys, but that all costs of this proceeding be taxed against them.

"The cause was tried before the court without the intervention of a jury, and the trial court held that the plea in abatement of May De Beque, or Guy J. Price, Jr., should be overruled, in so far as the plaintiff was concerned, and that all special exceptions to the original petition on the part of other defendants should be overruled. The court further found: That on or about the 1st day of January, 1924, in a suit entitled W. L. Ligon, Administrator v. Mitchell W. Greenwall, numbered 66200 on the docket of the Forty-Eighth judicial district court, the plaintiff Greenwall executed and tendered certain promissory notes, and that Carl M. Johnson, as commissioner, was authorized to execute to plaintiff a deed to the lots in question, situated in Fort Worth, Tarrant County. That said notes were payable on or before the respective maturity dates, and that plaintiff, prior to the time he filed his original bill of interpleader, on, to wit, September 25, 1926, elected to pay the full amount due, both principal and interest, on each and all of said promissory notes. That on said September 25, 1926, and after said plaintiff elected to pay said notes, and when he filed his original bill of interpleader herein, the full amount of both principal and interest due and unpaid on all of said notes was the sum of $32,341.13. That plaintiff learned prior to said time that W. L. Ligon, as administrator of the estate of Maggie De Beque, deceased, Frank De Beque, and Guy J. Price, Jr., as guardian of the estate of May De Beque, were each claiming that he was the owner and holder of each and all of said notes, and entitled to receive payment thereof, and, as there was a reasonable doubt both at law and in fact as to which of said defendants was the legal and equitable owner and holder of said notes and entitled to receive payment thereof, and there was such reasonable doubt as to which of said defendants plaintiff could safely pay said notes, that plaintiff had paid into court said sum of $32,341.13, and that he had agreed that he would pay to his attorneys a reasonable attorneys' fee, and the court concluded that $2,000 was a reasonable and proper fee to pay said attorneys, and that same should be taxed as a part of the costs herein, and paid out of the fund deposited by the plaintiff. That it further appearing that defendants had not pleaded in the suit against each other, and the plaintiff was in no way interested in the respective rights and claims of the defend-

ants as against each other to said funds, and was neither a proper or necessary party to a suit between said defendants involving ownership of said funds. That plaintiu is entitled to have the matters in controversy between him and the defendants as a body kept separate and segregated from any controversy that has arisen or may hereafter arise as between the defendants as to their respective rights and claims to the funds deposited by plaintiff.

"It was accordingly adjudged that plaintiff have and recover of and from said defendants, and each of them, judgment in the amount so paid by him into court, and said sum so paid into court stand in the place of and in lieu of the notes hereinabove described, and the vendor's lien retained upon the property to secure the payment thereof; that said plaintiff do have and recover from said defendants and each of them judgment forever canceling the six notes hereinabove described, and the vendor's lien retained therein. It was further decreed that plaintiff recover $2,000 attorneys' fees, and that said attorneys' fees be taxed as a part of the costs in the suit, and the clerk of the court was directed to pay said $2,000 to the plaintiff and take his receipt therefor, and to pay all costs of the suit out of the funds so deposited in the court by plaintiff; and the question as to which of said defendants said costs shall be finally taxed against shall await the final disposition of this case between the defendants herein on their pleadings. It was further adjudged and decreed by the court that defendants herein and each of them be required to plead as against each other, on or before the 1st day of March, 1927, setting up their right, title, claim, and interest as against each other in and to the balance of the funds on deposit herein and held by the clerk of the trial court. It was further adjudged and decreed that W. L. Ligon, administrator of the estate of Maggie De Beque, take nothing by his cross-action against plaintiff, Greenwall, and that the costs of such cross-action be charged against defendant W. L. Ligon as administrator. It was further adjudged and decreed that each of the defendants be denied any other relief that may have been requested by them, and that this cause as between said defendants on their respective rights and claims to said funds as against each other be set over for hearing after said defendants have interpleaded as between each other. All of the defendants gave notice of appeal, but only W. L. Ligon, as administrator of the estate of Maggie De Beque has perfected his appeal."

The Court of Civil Appeals held that Greenwall was justified in refusing to make payment of the notes owed by him to W. L. Ligon, administrator of the estate of Maggie De Beque; that under the facts above detailed it was reasonably doubtful as to which of the conflicting claimants was entitled to receive payment. The court affirmed that part of the trial court's judgment holding that Greenwall, under the circumstances, was entitled to file his bill of interpleader and be discharged with his costs and reasonable attorney's fee. It was held, however, that the attorney's fee allowed Greenwall's counsel of $2,000 was excessive, and a reversal as to that part of the judgment was ordered, unless a remittitur of $1,250 was made. No remittitur was filed, and both sides applied for, and have been granted, a writ of error.

■ It is undisputed that Greenwall was willing to pay the full amount due on the notes to the person legally entitled to receive the same. He was therefore entitled to maintain an interpleader suit, if there existed a reasonable doubt, either of fact or law, as to which of the conflicting claimants was entitled to receive payment. Wright v. Grand Lodge K. P. (Tex. Civ. App.) 173 S. W. 271; Nixon v. Malone (Tex. Civ. App.) 95 S. W. 577; Melton v. American Surety Co. (Tex. Civ. App.) 240 S. W. 575; Williams v. Simon (Tex. Civ. App.) 235 S. W. 257; 33 C. J. p. 427.

■ It is insisted that, under the judgment rendered in the Forty-Eighth district court of Tarrant county, Ligon, as the administrator of the estate of Maggie De Beque, was authorized to receive payment on the notes owing by Greenwall and to execute proper release of the lien securing same, and that Frank and May De Beque were estopped by such judgment from asserting to the contrary.

The record discloses that W. L. Ligon did not plead the judgment above referred to as the basis for an estoppel against Frank and May De Beque's right to receive payment due on the Greenwall notes. Assuming that he may be permitted to take advantage of such plea, which was made by his codefendant, we do not think Frank De Beque would be estopped thereby from claiming at least one-half the proceeds of the notes, if in fact he was the surviving husband of Maggie De Beque and such notes were a part of their community property.

It is true the judgment in the Forty-Eighth district court required the notes made by Greenwall to be made payable to W. L. Ligon, as administrator of the estate of Maggie De Beque, deceased. It did not, however, undertake to adjudicate the rights of the respective defendants in Greenwall's cross-action as to the notes, but provided that Ligon, administrator, Frank De Beque, May De Beque, and others, each and all of them, recover from the defendant Greenwall title and possession of said notes. The plaintiffs in that suit, who were defendants in Greenwall's cross-action, were not adversary parties. There was no effort by any of these parties by any character of pleading to have determined the respective interests held by

each in the notes awarded them by the judgment.

If these notes were community property of Frank and Maggie De Beque, husband and wife, Frank De Beque, upon the death of his wife, was the legal owner of one-half thereof, and was in fact entitled to the control of the entire community estate either as against the wife's heirs or her executor or administrator. Moody v. Smoot, 78 Tex. 119, 14 S. W. 285; Cockburn v. Cherry (Tex. Civ. App.) 153 S. W. 161; Kidd v. Prince (Tex. Civ. App.) 182 S. W. 725; Stone v. Jackson, 109 Tex. 385, 210 S. W. 953.

In Moody v. Smoot, supra, Justice Gaines, speaking for the Supreme Court, in discussing the identical question here involved, said: "Being liable to a suit on the community obligations, and to have his separate property sold under execution for their payment, it is but reasonable that upon the death of the wife he should have the right to administer the common estate for the payment of the common debts without interference on part of her legal representatives."

It is contended that Greenwall was not justified in filing a bill of interpleader because Frank De Beque, long after appearance day, and just before this cause was tried, filed a pleading herein in which it was alleged he was making no contention that Ligon, as administrator, was not entitled to receive payment on the notes owed by Greenwall, but that he was merely asserting his right as legal owner to recover from Ligon the notes in question. This pleading could not in any way affect Greenwall's right to file a bill of interpleader, as such right must be determined by the conditions existing at the time of the filing of the same. It was shown, without dispute, that Greenwall desired to pay off the notes and sought through his counsel to obtain an agreement under which he would pay the amount due on the notes to Ligon, administrator, if Frank De Beque and the guardian of May De Beque would execute proper releases. Frank and May De Beque's counsel declined on behalf of their respective clients to accede to this demand. At that time Frank De Beque had a suit pending in which he was setting up the claim that he was the sole owner of the notes owed by Greenwall, and entitled to the possession thereof as the sole survivor of the community estate of himself and Maggie De Beque. Judgment was rendered against him in that suit in the district court, and the same had been affirmed by the Court of Civil Appeals, but, at the time of the filing of this suit, his application for writ of error had been granted, and the case was pending in the Supreme Court. Subsequently the Supreme Court reversed the judgment of the Court of Civil Appeals, holding that Frank De Beque and Maggie De Beque were husband and wife at the time of her death. He was therefore legally entitled to the sole control and management of the community estate of himself and Maggie De Beque.

We conclude that, inasmuch as the judgment in the Forty-Eighth district court did not undertake to settle as between the defendants in Greenwall's cross-action, including Ligon, the administrator, the particular interest owned by any of said parties in the notes in question, Frank De Beque was not estopped thereby to at least assert ownership to his community interest in the estate of himself and wife. Clearly Ligon, as administrator of the estate of Maggie De Beque, could not exercise any control or disposition over Frank De Beque's individual property. The very judgment relied upon to bar his right to assert ownership in the notes vested in him and others collectively the ownership thereof. No attempt was made by such judgment to fix the respective rights of the joint owners of the notes or to determine their particular interest therein; hence this question was not foreclosed by such judgment.

■ It is also insisted that Greenwall should have made payment of notes to the administrator, as he would have been protected by the administrator's bond, if it was subsequently determined he was not the proper person to receive payment. It is the settled law of this state that, where an administrator or executor collects money, and it later develops that he is not the proper party to make such collection, he would be individually liable, but his bondsmen would not be liable therefor. Thompson v. Duncan, 1 Tex. 485; Evans v. Oakley, 2 Tex. 185; Moore v. Morse, 2 Tex. 400; Provident Insurance Co. v. Johnson (Tex. Civ. App.) 235 S. W. 650; Ætna Life Insurance Co. v. Osborne (Tex. Civ. App.) 224 S. W. 815; Moody v. Smoot, 78 Tex. 119, 14 S. W. 285; Fidelity & Deposit Co. v. Wiseman, 103 Tex. 286, 124 S. W. 621, 126 S. W. 1109.

■ We conclude that, at the time Greenwall filed his bill of interpleader, there were conflicting claimants for the money owed by him, and a reasonable doubt existed as to the proper person legally authorized to receive payment, and he was therefore entitled to pay the amount necessary to discharge the notes into court and to interplead the various claimants and require them to assert their interest therein, and to be discharged with his costs and a reasonable attorney's fee.

■■ The action of the Court of Civil Appeals in requiring defendant in error to file a remittitur of a portion of the attorney's fee awarded by the court cannot be sustained, for the reason that plaintiff in error did not present in its brief filed in that court any assignment of error complaining that the amount awarded as attorney's fee was excessive. In the absence of such assignment, the Court of Civil Appeals is not authorized to set aside or modify a judgment of the trial

court, unless fundamental error is shown. Hughes v. Galveston, H. & S. A. Ry. Co., 67 Tex. 595, 4 S. W. 219; Chappell v. Missouri Pac. Ry. Co., 75 Tex. 82, 12 S. W. 977; Gebhart v. Gebhart (Tex. Civ. App.) 61 S. W. 964; Dignowity v. Sullivan, 49 Tex. Civ. App. 582, 109 S. W. 428; Schaff v. Stripling (Tex. Civ. App.) 265 S. W. 264.

The question as to whether a verdict is excessive in amount does not present fundamental error. Houston Oil Co. v. Kimball, 103 Tex. 94, 122 S. W. 537, 124 S. W. 85; Goodhue v. Fuller (Tex. Civ. App.) 193 S. W. 170; McKenzie v. Imperial Irr. Co. (Tex. Civ. App.) 166 S. W. 497; Schaff v. Sanders (Tex. Civ. App.) 257 S. W. 675.

We recommend that the judgment of the Court of Civil Appeals be reversed and the judgment of the district court affirmed.

CURETON, C. J. Judgment of the Court of Civil Appeals reversed, and judgment of the district court affirmed.