## CHANOWSKY v. FRIEDMAN.

### No. 14858.

Court of Civil Appeals of Texas.
Fort Worth.

Oct. 17, 1947.

Rehearing Denied Nov. 14, 1947.

642

D. O. Belew and Sidney Samuels, both of Fort Worth, for appellant.

Otis Rogers, Haddaway & Denny, and Arthur Haddaway, all of Fort Worth, for appellee.

McDONALD, Chief Justice.

Mrs. Minnie Friedman, the appellee here, brought this suit against Adolph Chanowsky as Independent Executor of the Estate of Mary Chanowsky, deceased, and against Jake Chanowsky. Jake Chanowsky and Mary Chanowsky were husband and wife for many years prior to Mrs. Chanowsky's death, which occurred in February of 1945. Adolph Chanowsky is their son. In her petition Mrs. Friedman alleges: She recovered a judgment for $4,302.52 against Jake Chanowsky on March 30, 1936, and the judgment, though unpaid, has been kept alive by issuance of execution. Mary Chanowsky died on February 13, 1945, leaving a will which was duly probated in Tarrant County. Adolph Chanowsky qualified as independent executor, and is now acting as such. Among the assets of the Estate of Mary Chanowsky are many items of the community estate of Jake and Mary Chanowsky, the total value of which is at least $35,000. After all debts, expenses of last illness and burial, expenses of administration, and all inheritance and estate taxes are equitably allocated and paid, the residue of community property will be sufficient to pay plaintiff's entire debt. The judgment is a valid and just obligation of the community estate of Jake and Mary Chanowsky and should be paid out of the community property formerly belonging to them. The prayer of the petition is that the amount of the judgment, plus court costs and accumulated interest, together with any interest that may hereafter accrue, "be established as a debt against the community property of the defendant Jake Chanowsky and Mary Chanowsky, deceased; that the defendant Adolph Chanowsky as independent executor be compelled to pay said sum now due upon said judgment in Cause No. 9443-A, out of the assets of the Estate of Mary Chanowsky; that the plaintiff have such other and further relief to which she may show herself justly entitled both at law and in equity."

Judgment was rendered in favor of plaintiff on an instructed verdict. The judgment finds the 1936 judgment against Jake Chanowsky to be a valid debt and charge against the community property of Jake and Mary Chanowsky; it decrees that the

amount of it, plus interest and costs, be recovered by plaintiff from Adolph Chanowsky as Independent Executor of the Estate of Mary Chanowsky; it orders Adolph Chanowsky, as Independent Executor, to pay all of the said judgment, interest and costs, to plaintiff, and orders that plaintiff have her execution. Costs are adjudged against Adolph Chanowsky as Independent Executor. Jake Chanowsky did not except nor give notice of appeal. Adolph Chanowsky, as Independent Executor, has appealed.

Appellant suggests that the judgment was not a final one, in that it did not dispose of the suit alleged against Jake Chanowsky, he asserts that the court committed reversible error in overruling his motion for continuance, and he contends that the form of the instructed verdict was insufficient to support the judgment rendered by the trial court. We have carefully considered these contentions, and overrule them. Discussion of them is not necessary in view of the disposition we make of the appeal.

The principal question on the merits of the case is whether or not the evidence is sufficient to establish any liability on the part of Adolph Chanowsky, as Independent Executor of the Estate of Mary Chanowsky, for the community debt represented by the judgment taken against Jake Chanowsky prior to Mary Chanowsky's death.

Plaintiff's theory is that the prior judgment was a charge against the entire community estate, that Adolph came into possession of enough of the community property to pay the debt, that the evidence does not show any other debts or charges against the community estate, and that, therefore, the trial court was correct in ordering Adolph, as Executor, to pay the prior judgment. This logically brings us to a consideration of the evidence.

Formal proof was made of the judgment taken against Jake Chanowsky in 1936, of the necessary steps taken to keep it alive, and of its non-payment. Formal proof was made of Mrs. Chanowsky's will, its probate, and the appointment and qualification of Adolph as Independent Executor. There was introduced in evidence the inventory and appraisement of Mrs. Chanowsky's estate, filed by Adolph as Executor in the county court on May 16, 1946, and signed and sworn to by Adolph in customary form. The inventory lists a large amount of property as constituting the estate of Mary Chanowsky, and also lists, as community property, a $10,000, Series G. United States Government bond, described as being of the value of $9,470. Jake Chanowsky did not testify. Adolph was called to the witness stand by the plaintiff. He was asked only if he were the son of Jake and Mary Chanowsky, if his father and mother were married a long time before the judgment was rendered in 1936, if they were married up to the time of her death, and if she died on or about February 13, 1945, to all of which he replied in the affirmative. When plaintiff rested her case, the defendant Adolph Chanowsky also rested, without offering any evidence. Jake Chanowsky, although he had been cited and had filed an answer in the case, did not personally appear at the trial.

■ "Nothing is clearer in our law, as declared both by statute and by repeated decisions of this court, than that the community property of the husband and wife is subject to the payment of the debts contracted by either of them during the marriage, except when otherwise specially provided, such exception having no application to the facts of this case; and that the heirs of the wife, on her death, are entitled, not to one-half of the community property as it may then exist, but to one-half of what may remain, after the discharge of the debts to which such property is liable. Articles 4627, 3592, R.S. [Vernon's Ann. Civ.St. arts. 4620, 3661]; Jones v. Jones, 15 Tex. [143], 147; Carter v. Conner, 60 Tex. [52], 60.

■ "It is equally clear that the husband is not only ordinarily entitled to the exclusive management and disposition of the property of the community estate during the marriage, but that such right or power of management and disposition, for the purpose of discharging the ordinary debts of the community estate, continues and is likewise exclusive, after the death of the wife; it having been determined that this right or power of the surviving husband overrides that of the administrator of the

estate of the wife. Primm v. Barton, 18 Tex. [206], 227; Good v. Coombs, 28 Tex. [34], 50; Moody, Administrator, v. Smoot, 78 Tex. [119], 123, 14 S.W. 285; Levy v. Moody, [Tex.Civ.App.], 87 S.W. [205], 208." Stone v. Jackson, 109 Tex. 385, 210 S.W. 953, 954.

Plaintiff cites Lovejoy v. Cockrell, Tex. Com.App., 63 S.W.2d 1009, which discusses the rights of the executor or administrator where the husband dies first, and plaintiff suggests that the same rules apply where the wife dies first. But the distinction between the two kinds of cases and the differences in the rules applicable, are clearly set out in such cases as Moody v. Smoot, 78 Tex. 119, 123, 14 S.W. 285, 286, and the distinction is also noticed in the excerpts above quoted from the opinion in Stone v. Jackson. In Moody v. Smoot it is said:

"The community debts are his debts, but are not ordinarily the debts of the wife, except in the sense that the community property is burdened with the liability for their payment. Being liable to a suit on the community obligations and to have his separate property sold under execution for their payment, it is but reasonable that upon the death of the wife he should have the right to administer the common estate for the payment of the common debts without interference on part of her legal representatives. Upon the death of the wife he occupies the relation of a surviving partner in an ordinary partnership. He is liable absolutely for all the debts of the partnership. The case of the wife upon his death is different. She, it is true, is a surviving partner, but as a general rule she is personally liable for none of the debts of the partnership. It follows, therefore, in our opinion, that while his administrator should have the right to administer the common property, and to apply it to the payment of his debts, it was never contemplated that the administrator of the wife, so long as he survived, should have the same right. The laws of Louisiana in relation to the community estate of the husband and wife are very similar to those of our state, and the Supreme Court of that state distinctly hold that the administrator, upon the estate of the deceased wife, has no control over the community property so long as the husband survives. Hawley v. Bank, 26 La. Ann. 230; Williams v. Fuller, 27 La.Ann. 634.

"If it should be urged that the administrator of the estate of the deceased wife should have control as least of the wife's half of the community in order to subject it to the payment of her debts, the reply will be that her debts are all chargeable upon the community property, and may be enforced against it by a suit against the husband."

Plaintiff's case here, as shown above, is based on the theory that the wife's executor was entitled and obligated under the law to take possession of the entire community property on the death of the wife, and to pay the community debts, as would have been the right and duty of the husband's executor if the husband had died first. Her argument is to the effect that, it being shown that the wife died leaving a will which has been probated, and that the executor filed an inventory and appraisement showing community property sufficient to have paid plaintiff's debt against the community, and there being no showing that such community property was used for the purpose of paying other lawful obligations of the community, nor that there were other such obligations for which such property was liable, that the necessary implication must follow that the wife's executor had in his hands, at the time of trial, funds belonging to the community which ought to be devoted to payment of the community debt. It seems to us that plaintiff has failed to take into account the distinction noticed in Moody v. Smoot and Stone v. Jackson, supra. There is nothing in the record before us to negative the implication that the surviving husband took possession of the community property on the death of the wife and that, there being by plaintiff's own declaration a large item of community indebtedness still unpaid, the husband is still administering the community estate as is his right to do under the above cited decisions. At best there is only circumstantial evidence concerning the whereabouts or disposition of the $10,000 government bond which belonged to the community estate. The general burden rested on plaintiff to prove her case. The plaintiff did not dis-

charge the burden of proof so long as the circumstances were equally consistent with the non-existence of the ultimate fact required to be proved, to-wit, that the community property in question had come into the hands of the wife's executor. 17 Tex. Jur., P. 909.

Other questions are raised in the briefs, but we shall not discuss them since they may not arise on another trial of the case.

The judgment of the trial court is reversed and the cause is remanded for another trial.