**Mrs. Elta G. BROWN, Appellant,**

v.

**Marion M. BROWN, II, et al., Appellees.**

No. 3283.

Court of Civil Appeals of Texas.

Waco.

July 25, 1955.

Rehearing Denied Sept. 15, 1955.

Jones, Phillips & Watkins, Dallas, for appellant.

Bradley & Geren, Groesbeck, Richey, Sheehy & Teeling, Waco, for appellees.

HALE, Justice.

Appellant, Mrs. Elta G. Brown, a widow, and Mrs. Marjorie Brown DeGuire, joined by her husband, brought this action against appellees, Marion M. Brown II, Mrs. Dorothy Brown Mitchell and husband, and

Gaudy Jones, Drs. W. L. Carrington, G. Con Smith and Charles H. Brewster. The suit involves conflicting claims relating to the estate of Dr. Marion G. Brown, who died testate on April 20, 1949. The will of Dr. Brown was admitted to probate in Limestone County on May 9, 1949. Appellant is the surviving widow of Dr. Brown, she being his second wife and the mother of Dr. Brown's youngest child, Mrs. DeGuire. Marion M. Brown II and his sister, Mrs. Mitchell, are the son and daughter, respectively, of Dr. Brown by his first wife. Gaudy Jones, a colored man, was a long-time employee of Dr. Brown as a janitor at the Hospital with which Dr. Brown was connected. Doctors Carrington and Smith were associated with Dr. Brown in the practice of medicine and surgery at Mexia and, with Dr. Brewster, were interested after the death of Dr. Brown in the operation of the Hospital and the Clinic which the latter had established in his lifetime.

The objects of the suit were in general as follows: as against Marion M. Brown II, sued individually and as independent executor of the estate of Dr. Brown, and Mrs. Dorothy Brown Mitchell, appellant and her daughter, Mrs. DeGuire, sought an accounting and partition of the estate of Dr. Brown; as against Gaudy Jones, appellant and Mrs. DeGuire sought to cancel a certain deed from Dr. Brown to Jones upon allegations that (a) the deed was not delivered to Jones during the lifetime of Dr. Brown and (b) the property therein described constituted a part of the homestead of Dr. Brown and appellant and the latter did not join in the execution of the deed; and as against Drs. Carrington, Smith and Brewster, appellant sought to recover one-half of the rentals accruing under a lease agreement dated November 1, 1950 on the Brown Hospital and equipment.

The case was tried before the court below without a jury and resulted in judgment which decreed, in part, that appellant take nothing against Marion M. Brown II and Mrs. Dorothy Mitchell relating (a) to the proceeds paid to them from three policies of insurance on the life of Dr. Brown, or (b) to the property known as the Brown Hospital, and the fixtures and equipment used in connection therewith, or (c) to a diamond ring which Dr. Brown was wearing at the time of his death and had worn for many years prior thereto. The judgment also denied appellant any recovery against Gaudy Jones or against Drs. Carrington, Smith and Brewster. Appellant has appealed only from those portions of the judgment to which we have here referred. Mrs. DeGuire did not file any appeal bond.

In relation to the proceeds paid to the beneficiaries in the three policies of insurance on the life of Dr. Brown, the evidence shows and the trial court found substantially as follows: on June 15, 1927, Dr. Brown was issued an endowment policy of life insurance by Aetna Life Insurance Company which provided, among other things, that it would mature in 19 years, with an optional cash value of $24,260 at maturity; on April 27, 1936, Dr. Brown made a change of beneficiaries under the Aetna policy so that the proceeds to be derived from the same should be payable in equal shares to his wife, Elta G. Brown, and to each of his three children; on June 26, 1946, after the maturity of the foregoing policy, Dr. Brown entered into a supplementary contract with the Aetna Life Insurance Company by the terms of which the company agreed to retain the sum of $24,260 then payable under the original policy, to pay interest annually thereon to Dr. Brown at his option so long as he might live, and upon his death to pay the amount due thereunder, equally, to Elta G. Brown, wife, Marion M. Brown II, son, Marjorie E. Brown (now Mrs. DeGuire), daughter, and the children of his daughter, Mrs. Dorothy Brown Mitchell; the amount due under the Aetna policy at the death of Dr. Brown was $25,144.48 which was paid to the beneficiaries named therein, appellant receiving her one-fourth of the same; in addition to the Aetna policies, Dr. Brown had a $10,000 United States Government life insurance policy, in which Marion M. Brown II was named as beneficiary and a

Karem Temple benefit policy in the sum of $1,000 payable one-third to each of his three children.

■ The court also found that Dr. Brown left community property belonging to himself and his wife, Mrs. Elta G. Brown, of not less than $250,000 in value, that Mrs. Brown was amply provided for from her share of the community estate, and that Dr. Brown did not name any of his children or grandchildren as beneficiaries under any of the policies of insurance on his life for the purpose of defrauding Mrs. Brown of any portion of their community property, but that he named his children and grandchildren as beneficiaries to make reasonable provision for them which, in view of the size of his estate and all of the circumstances, was reasonable and proper. In our opinion, these findings of fact were amply supported by the evidence in the case.

Art. 4619, § 1, of Vernon's Ann.Tex.Civ. Stats., provides in part as follows: "During coverture the common property of the husband and wife may be disposed of by the husband only". In construing and applying this statutory provision, our courts have held that the right of the husband to dispose of community property is an absolute right, so long as it is not exercised for the purpose of defrauding the wife. Moody v. Smoot, 78 Tex. 119, 14 S.W. 285; Rowlett v. Mitchell, 52 Tex.Civ.App. 589, 114 S.W. 845; Dunn v. Vinyard, Tex.Civ.App., 234 S.W. 99. In Moody v. Smoot, supra [78 Tex. 119, 14 S.W. 286], the Supreme Court said with reference to the husband's power over the community property of himself and his wife: "His control of it during her life is absolute. Barring any disposition made with intent to defraud her, he may sell, barter, or give it away."

Dr. Brown, as manager of the community property belonging to himself and his wife, Mrs. Elta G. Brown, undoubtedly had the right to make reasonable gifts to his children and grandchildren from the community property belonging to himself and his wife, so long as he acted in good faith with respect to the property rights of his wife. Although the evidence does not show the exact age of appellant, or her life expectancy, she was married to Dr. Brown in 1924, and in all reasonable probability her one-half of the community estate will be more than sufficient in value to take care of her throughout the remainder of her natural life, as expressly found by the trial court. We see no indication from the evidence of any fraud, actual or constructive, on the part of Dr. Brown as to the manner in which he handled the policies of insurance on his life. In addition to the Karem Temple benefit policy in the sum of $1,000, payable equally to his three children, he also had a Karem Temple benefit policy in the sum of $500 payable to appellant. Since the gifts from Dr. Brown to his children and grandchildren, as evidenced by the policies of insurance on his life, were not excessive, fraudulent or capricious, we hold that appellant was not entitled to any recovery against Marion M. Brown II or Mrs. Dorothy Mitchell by reason thereof Martin v. McAllister, 94 Tex. 567, 63 S.W. 624, 625, 56 L.R.A. 585; Volunteer State Life Ins. Co. v. Hardin, 145 Tex. 245, 197 S.W.2d 105, 168 A.L.R. 337; Kemp v. Metropolitan Life Ins. Co., 5 Cir., 205 F.2d 857.

Dr. Brown stated in his will which was duly admitted to probate on May 9, 1949, that the Brown Hospital and the furniture and equipment used in connection therewith, as well as his diamond ring, was his "separate and individual property" and that all of his remaining assets constituted community property of himself and his wife, Elta G. Brown. By the terms of his will, he gave his diamond ring to his son, Marion, with the proviso "that my son shall not encumber nor dispose of said ring, and, at his death, it shall pass to his son, or in case he should not have a son, then to my grandson, Martin Mitchell." He also gave and bequeathed the Brown Hospital and its fixtures and equipment to his three children, share and share alike.

■ Shortly after the will of Dr. Brown had been admitted to probate, Mrs. Elta

Brown entered into negotiations with the three children of Dr. Brown for a partial settlement and distribution of the estate. She was represented in the negotiations by an attorney of her selection, and the three children were jointly represented in such negotiations by an attorney of their selection. As a result of these negotiations, it was finally agreed by the four parties that the three Brown children should receive the Brown Hospital with all of its fixtures and equipment; that Mrs. Elta G. Brown should receive the home in which she and Dr. Brown had lived, together with all furniture and personal property situated therein, that Mrs. Brown should receive the family automobile, and that in addition thereto, the three children should pay her the sum of $4,500. The trial court found that this partial settlement and distribution was agreed upon and approved by all of the parties and that it had been fully carried out and performed. This express finding is amply supported by the evidence which shows, among other things, that on July 11, 1949, Mrs. Elta G. Brown executed a deed conveying to the three Brown children all of her interest in the Brown Hospital, together with the personal property therein, and on the same date the Brown children executed a deed conveying to Mrs. Brown the Brown home, together with the furniture and personal property situated therein, and they also paid to her on that date the agreed sum of $4,500. The trial court concluded that since appellant had made a full and complete settlement as to any interest she had in the Brown Hospital and equipment, she was not entitled to recover anything further in this connection, and we think such conclusion was correct.

■ Although appellant asserts on this appeal that the diamond ring which Dr. Brown bequeathed to his son was community property and that she is entitled to one-half of its value, we find no pleading or proof in the case to the effect that the diamond ring was the community property of Dr. Brown and his surviving widow. We find no evidence as to when or how Dr. Brown acquired this ring, and we agree with the conclusion of the trial court to the

effect that since there was neither pleading nor proof that the ring was not the separate property of Dr. Brown, as recited in his will, appellant was not entitled to recover any interest in the same.

■ The trial court found that the deed to Gaudy Jones was delivered to him by Dr. Brown and that the property described in the deed did not constitute any part of the homestead of Dr. Brown and appellant. These findings were supported by ample evidence. Gaudy Jones testified that Dr. Brown delivered the deed to him, that he took it home and showed it to his wife, kept it about one week and took it back to one of Dr. Brown's office helpers at the Clinic, to whom it was delivered with the request that it be placed in the Clinic vault for safekeeping. His testimony was corroborated by that of his wife and by Miss Agnes Robinson who took the acknowledgment of Dr. Brown to the deed. Gaudy and his wife also testified that the little house situated on the property described in the deed, where they had lived for 21 years, was a block from the home of Dr. and Mrs. Brown, was across the street from the Brown home, that Gaudy worked at the Hospital and neither he nor his wife had ever worked in the Brown home as a domestic servant.

The only cause of action which appellant asserted in her trial petition against Drs. Carrington, Smith and Brewster was her claim that the Brown Hospital constituted the community property of herself and Dr. Brown at the time of the latter's death, and that, as the owner of an undivided one-half interest in the same, she was entitled to one-half of the rentals accruing under the lease contract covering the Hospital which was executed on November 1, 1950 by Dr. Brown's children as lessors, and by Drs. Carrington, Smith and Brewster as lessees. But appellant did not have any right, title or interest in or to the Brown Hospital after July 11, 1949, regardless of whether the Hospital was the separate property of Dr. Brown or the community property of appellant and Dr. Brown, because on July 11, 1949, appellant

conveyed to the three children of Dr. Brown all of her interest in the Hospital.

In our opinion, the evidence in this case did not conclusively establish the essential facts necessary to entitle appellant to any recovery against any of the appellees herein with reference to the several matters adjudicated in the portions of the judgment of which appellant complains on this appeal, and since the trial court found the controlling fact issues against the contentions of appellant, we cannot disturb any portion of the judgment.

Therefore, all of appellant's points of error are overruled, and the judgment of the court below is in all things affirmed.