**LIBERTY MUTUAL INSURANCE COMPANY for Danill E. Migura, Jr., Appellant,**

v.

**CITY OF FORT WORTH, Appellee.**

No. 17629.

Court of Civil Appeals of Texas, Fort Worth.

Jan. 7, 1975.

Richard B. Ouer, Dallas, for appellant.

S. G. Johndroe, Jr., City Atty., Fort Worth, for appellee.

ON APPEALABILITY OF JUDGMENT

PER CURIAM.

Plaintiff's · auto was damaged when struck by two different vehicles in the same accident; he brings suit against the driver and owner of each vehicle (four different people: A–1, A–2, B–1 and B–2). Service is attempted as to all four, but none is ever made as to the drivers A–1 and B–1, substituted or otherwise. Only reference in transcript other than the pleadings as to drivers is a release signed by plaintiff as to driver A–1. Plaintiff then dismissed case as to owner A–2 and pursues case only as against owner B–2. B–2's "Plea to Jurisdiction" is sustained and order entered against plaintiff abating and dismissing his suit, no mention being made as to drivers A–1 and B–1.

Is this an order from which plaintiff can appeal? Yes. The general rule is that a judgment is final, and therefore appealable, only when it disposes of all parties. However, there are a substantial number of cases holding that such a rule has no application where the judgment complained of disposed of all named parties except those who had not been served and filed no answer. In these cases the judgment was "final" for purposes of appeal and case stood as if there had been a discontinuance as to the parties not served. This is such a case. 4 McDonald Texas Civil Practice (1971 Ed.), p. 76, "Judgments," Sec. 17.10.-3, "Construction: —C. Parties"; Youngstown Sheet & Tube Co. v. Penn, 363 S.W. 2d 230 (Tex.Sup., 1962); Mabry v. Lee, 319 S.W.2d 125 (Beaumont Civ.App., 1958, writ ref.); Moody v. Smoot, 78 Tex. 119, 14 S.W. 285 (1890); Varrs v. Faulkner, 138 S.W. 789 (San Antonio Civ.App., 1911, no writ hist.); American Trendex Corp. v. Ultradyne Corp., 490 S.W.2d 205 (Austin Civ.App., 1973, writ ref., n. r. e.); Hoover v. Barker, 507 S.W.2d 299 (Austin Civ.App., 1974, writ ref., n. r. e.); Mercantile Bank of Houston v. Rozema, 508 S.W.2d 187 (Houston (1st Dist.) Civ.App., 1974,).

Such an interpretation is in keeping with the rule of North East Independent School District v. Aldridge, 400 S.W.2d 893 (Tex.Sup., 1966): "When a judgment, not intrinsically interlocutory in character, is rendered and entered in a case regularly set for a conventional trial on the merits, no order for a separate trial of issues having been entered pursuant to Rule 174, Texas Rules of Civil Procedure, it will be presumed for appeal purposes that the Court intended to, and did, dispose of all parties legally before it and of all issues made by the pleadings between such parties. A claim duly severed under Rule 41 is a 'case' within the meaning of the foregoing rule. The rule will be subject to the exception created by Davis v. McCray Refrigerator Sales Corporation (136 Tex.

296, 150 S.W.2d 377 (1941), to the effect that it will not be presumed that a judgment dismissing a plaintiff's suit on nonsuit, plea to the jurisdiction, plea in abatement, for want of prosecution, etc., also disposed of the issues in an independent cross-action); but it will apply to separate claims of the plaintiff, cross-actions and counter-claims by defendants against the plaintiff, cross-actions by defendants against other defendants and cross-actions by defendants against third-party defendants."

The clerk is directed to admit the appeal.