James E. WHITE, Indv., et al., Appellants,

v.

INTERNATIONAL HARVESTER CREDIT CORP. et al., Appellees.

Court of Appeals of Kentucky.

Nov. 21, 1969.

Rehearing Denied Feb. 27, 1970.

D. L. McNeill, Hickman, James H. Warren, Fulton, for appellants.

Thomas J. Marshall, Wheeler, Marshall & Apple, Paducah, for appellees.

REED, Judge.

This is an action to reform and enforce a certificate of insurance issued under a creditor's group life policy. It is admitted that only one life was insured. The problem is whether the coverage extended was effective upon the death of one member of a two-man partnership. The trial court held that the surviving partner was the only party whose life was insured and that the death of the other partner did not entitle either member of the partnership to a cancellation of the indebtedness which was the subject of the group credit life insurance coverage. We conclude that the trial court correctly determined the issue and we affirm the judgment.

James White and his brother-in-law, Prather Poynor, were partners engaged in general farming. In May of 1963, they purchased a four-row cotton picker from a local dealer and executed a note and secu-rity agreement with the local dealer providing for the payment of the unpaid portion of the purchase price of the equipment. The unpaid balance was $11,258.11, due in eight installments, payable on November 1 and December 1 of each calendar year from 1963 through 1966. The promissory note and purchase order in the form of a security agreement was signed "Poynor and White, by James E. White." As was the customary practice, the dealer sold and assigned this note and accompanying security agreement to International Harvester Credit Corporation which accepted the secured debt with right of recourse between the credit corporation and the dealer. All installments called for by the contract were paid when due except the December 1, 1964, installment which was prematurely paid on October 30, 1964. On November 10, 1964, Poynor died.

Prudential Insurance Company of America had, at all times mentioned in this opinion, a master policy of the group credit life type in force undertaking to insure International Harvester Credit Corporation against the death of debtors during the term of a contract of indebtedness held by the credit corporation. The credit corporation provided various dealers who sold this equipment, including the local dealer in this case, with certificates evidencing the existence of this group insurance. Both the master policy and the certificate provide that a customer whose contract is accepted for financing by the credit corporation is ordinarily covered by group credit life insurance under designated situations. The insurance provides for cancellation of the contract of indebtedness in the event of the death of the debtor while the contract is in force. The certificate reads that the insured is the debtor whose signature appears on the contract. Both the policy and certificate further provide that in case the debtor is a partnership and the contract of indebtedness is executed on behalf of the partnership by one or more partners, "the partner whose signature appears first on the contract will, for the purpose of the in-

surance to be provided, be considered the debtor." The extent of coverage is defined as "the amount necessary to discharge the indebtedness on the contract," subject, however, to a maximum of $10,-000. The term of coverage is defined as commencing when the contract is accepted for financing by the credit corporation to continue in effect until (a) the indebtedness is discharged or (b) the indebtedness becomes in default or, (c) unless otherwise specifically agreed, the indebtedness is transferred by the credit corporation to another carrier.

After the death of Mr. Poynor, Mr. White, the surviving partner, and Poynor's personal representative, were unsuccessful when they applied to the dealer and the credit corporation to have the indebtedness cancelled by reason of the death of Mr. Poynor. White and Poynor's personal representative then filed this action against the credit corporation and the insurer (Prudential) to secure a judgment cancelling the remaining indebtedness on the contract of purchase and to recover the prematurely paid installment. The trial court held that there was no basis for reformation of the terms of the insurance agreement and that since White was the insured member of the partnership, Poynor could not be regarded as insured. The surviving partner and the personal representative of the deceased partner appeal from that judgment.

At the outset it is apparent that plaintiffs have no case at all if the factual situation is confined to the May, 1963, purchase of a four-row cotton picker. In this transaction White signed the note and all other documents evidencing the sale. It is argued, however, that the partnership was misled concerning the effect of this insurance coverage. It appears that in May of 1960 the same partnership purchased a one-row cotton picker from the same dealer and pursued the same type of credit transaction as was the subject of the May, 1963, incident. In the May, 1960 purchase, Poynor signed a promissory note and un-

der his signature White signed. White alone, however, executed all other documents evidencing this sale and financing agreement. White says that the dealer's representative failed to disclose to them that only one member of the partnership could be regarded as insured by the group credit life insurance. The dealer's representative, however, testified that on all occasions involving the discussion of credit life insurance he advised his customers that in partnership instances only the first signer's life was covered. In October of 1960, the partnership traded the one-row cotton picker for a two-row cotton picker. The old piece of equipment was traded in and a new agreement and note was executed and again forwarded by the debtor to the credit corporation. In this transaction, only White signed all documents evidencing the transaction. The note and security agreement evidencing the May, 1960, transaction were returned by the credit corporation to the dealer who marked the documents paid and cancelled and returned them to the partnership. In May of 1963, the partnership decided to buy a four-row cotton picker. They traded in to the dealer the used two-row cotton picker and executed a new note and a new contract for the purchase of the new equipment. The note and other documents evidencing the October, 1960, transaction were returned by the credit corporation to the dealer who marked them paid and cancelled and returned them to the partnership.

The plaintiffs argue that the insurance certificate should be reformed in such fashion that the death of Poynor who did not sign any documents pertaining to the May, 1963, contract would have the effect of cancelling the remaining indebtedness. They claim that the only certificate of insurance of which they have knowledge was one displayed to them at the time of the first 1960 transaction. The difficulty with this contention is twofold. In the first place, Poynor acted as first signer only of the note in the first transaction. White alone signed what could well be regarded

as the "contract". In the second place, and in our view determinative, is that assuming for the sake of argument that Poynor was the first signer in the May, 1960, transaction, the contract of insurance on which the plaintiffs rely imposed liability on the insurer to the credit corporation only for the period of that particular contract of indebtedness. It is undisputed that the May, 1960, contract of indebtedness was replaced by a new contract for a different purchase price evidencing the acquisition of new equipment in October of 1960. When the May, 1960, contract was cancelled, the group credit life insurance as to that contract ceased by its own terms. The trial court found, as a matter of fact, that there was no misrepresentation or concealment on the part of the representative of the dealer and that the transactions in question were separate contracts and his findings are supported by substantial evidence. This case does not present the situation of the renewal or extension of an existing indebtedness. It is the converse. The findings of the trial court concerning the issue of consideration are neither necessary nor determinative of the controversy.

The type of insurance here involved is a relatively recent form and is now frequently employed by banks and other lending institutions. It is different from ordinary credit insurance in that it is issued for the purpose of protecting credit extended and the insured amount is payable upon the death of a debtor, while ordinary credit insurance covers the risk of extending credit and the amount of insurance is payable only where it is shown that the credit is lost.

The comparatively few cases on the general subject are collected in an annotation in 5 A.L.R.3d 962. Apparently, the practice of affording the coverage of the insurance only on the life of the individual debtor whose signature appears first on the contract of indebtedness is rather common and has been construed in such foreign cases as Harrell v. Continental Assurance Company of Chicago, Ill., Tex.Civ.App.,

381 S.W.2d 223 and Loubat v. Audubon Life Ins. Co., 248 La. 183, 177 So. 281. Our conclusion is that the trial judge's decision refusing to reform the language of the insurance coverage is amply supported by the evidence. As pointed out by the Texas court in the Harrell case, it is apparent that only one life was insured. In the instant case, if Mr. White had died instead of Mr. Poynor and the insurer and the credit corporation had undertaken to relate their liability back to a prior document in May of 1960, we would have had no difficulty in quickly disposing of that contention as being completely untenable. The validity and binding character of the insurance on the life of Mr. White as far as the May, 1963, contract of indebtedness is concerned demonstrates the invalidity of the claim concerning the effect of the death of Poynor on the same insurance coverage under the same contract of indebtedness.

The judgment is affirmed.

All concur.