AMERICAN TRENDEX CORPORA-
TION et al., Appellants,

v.

ULTRADYNE CORPORATION, Appellee.

No. 11985.

Court of Civil Appeals of Texas,
Austin.

Jan. 24, 1973.

Rehearing Denied Feb. 14, 1973.

James N. Ludlum, Jr., Ludlum, Brady & Womack; Austin, for appellants.

Milton L. Bankston, Stubbeman, McRae, Sealy, Laughlin & Browder, Jo Anne Christian, Austin, for appellee.

SHANNON, Justice.

Appellee, Ultradyne Corporation, sued appellants, American Trendex Corporation, Nelson W. Talley and J. L. Wade and others [1] on a sworn account and guaranty agreement in the district court of Travis County. Upon trial to the court, judgment was entered for appellee for $11,596.18, including interest and attorney's fees. No findings of fact and conclusions of law were requested of, or filed by the court. We will affirm that judgment.

Appellee, a carpet padding fabricator, agreed to sell Appellant, American Trendex Corporation, its products upon the receipt of a guaranty agreement executed by those persons interested in American Trendex Corporation. The guaranty agreement was executed by those persons who were named defendants below and was delivered to appellee about July 10, 1970. During July and August five truckloads of carpet padding, worth a total of $8,143.29, were delivered to the Appellant Corporation for which it and the guarantors refused to pay.

In the outset we are confronted by appellee's "Motion to Dismiss Appeal" for the stated reason that the judgment appealed from was interlocutory. This is so, appellee claims, since the judgment does not mention, or dispose of, the issues between appellee and one defendant, Walter L. Walsh. The record does not show that Walsh was served with process, nor that he filed an answer in the cause. We will overrule appellee's motion, since under the circumstances outlined above, the case stands as if there had been a discontinuance as to Walsh, and the judgment is to be regarded as final for the purpose of appeal. Youngstown Sheet & Tube Co. v. Penn, 363 S.W.2d 230 (Tex.1962).

Appellants attack the judgment by four points of error which present two grounds for reversal. First, appellants claim that the court erred in overruling their motion to continue the case from its setting of March 27, 1972, and in overruling their motion, after appellee rested its case, to recess the cause for thirty days in order to take the deposition of Bill Hill. Appellants' second ground for reversal is that there was no evidence, or at least insufficient evidence, of delivery of the merchandise to appellee.

---

1. The court entered default judgment against Bill Hill and Eddie Huggins from which judgment they did not appeal. Walter L. Walsh was also named a defendant, but the record does not show that he was served with process or that he filed an answer.

A review of the proceedings prior to trial is instructive in the consideration of the claimed error by the court in refusing to continue and there afterwards to recess the case. Appellee filed its petition on May 21, 1971, and in June the case was set for trial on the non-jury docket in September. About fourteen days before that setting, appellants tendered their jury fee and moved to have the case tried to a jury. The case was then reset for a jury trial for February 14, 1972. On February 3, appellants filed a cross action against Huggins, Hill and Walsh, and filed a motion for continuance which was amended several times. The court granted that motion for continuance and reset the case for March 27.

On March 13, 1972, appellants filed their second motion to continue the case from the setting of March 27 which was denied on March 17.

On March 23, appellants filed their third motion for continuance. The denial of this motion and the motion of March 13, as well as the denial of their motion for a recess is the basis for appellants' complaint in this Court. Appellants' reasons for the motions for continuance were that they were unaware of their defenses in the suit inasmuch as only Hill or Walsh had the corporate records of American Trendex and that only they had the information to make appellants' defenses, and that appellants were unable to depose Hill or serve Walsh. The other stated reason for appellants being unable to proceed to trial was that one of their number, Talley, was too ill to attend and assist in the trial of the case.

■ The matter of granting or refusing a motion for continuance before the trial, and a recess during the trial, rests within the sound discretion of the trial court. Hernandez v. Heldenfels, 374 S. W.2d 196 (Tex.1964), Estes v. Republic National Bank of Dallas, 462 S.W.2d 273 (Tex.1970). The record shows that appellants made no affirmative efforts to discharge their burden of discovery from June of 1971 until February and March of 1972. With respect to the absence of Mr. Talley due to illness, the record shows no effort to take his deposition. Additionally, no showing was made in the motions for continuance as to what testimony Talley could give to prove up a defense to appellee's claim. From an examination of the record we are satisfied that the trial court did not abuse his discretion in overruling appellants' motions for continuance and in denying their motion to recess the case.

■ Appellee tendered one witness, J. C. Kelley, its president. With respect to delivery by appellee of its products to the Appellant Corporation, Kelley testified that appellee's invoices, which were introduced into evidence without objection, showed that the carpet padding was picked up at appellee's plant by the truck owned by Appellant Corporation. Although appellee did not develop its case as fully as perhaps it could have been, still we are of the opinion there is evidence of delivery in the record to support the judgment of the trial court.

■ By a cross point, appellee asks that this Court assess ten per cent of the amount in dispute against appellant pursuant to Texas Rules of Civil Procedure 438 for the reason, it says, that the sole purpose of the appeal was for delay. From a view of the record we are unable to conclude that the appeal was frivolous, and accordingly, we will overrule the cross point.