Doris Mae GUMPP, Individually and as Independent Executrix of the Estate of C. L. Gumpp, Deceased, Appellant,

v.

PHILADELPHIA LIFE INSURANCE COMPANY (Successor to Tennessee Life Insurance Company), Appellee.

No. 15888.

Court of Civil Appeals of Texas, San Antonio.

Feb. 8, 1978.

Herman Glosserman, San Antonio, for appellant.

Lonnie W. Duke, San Antonio, for appellee.

KLINGEMAN, Justice.

This is a suit on a credit life insurance policy. Doris Mae Gumpp, individually and as independent executrix of the estate of C. R. Gumpp, deceased, sued Philadelphia Life Insurance Company to recover on a credit life insurance policy taken out by the deceased in connection with a loan made by the San Antonio Teachers Credit Union and secured by security agreement and certificate of title lien to San Antonio Teachers Credit Union on a Ford automobile purchased by C. R. Gumpp. The title to the automobile was in the name of C. R. Gumpp, and the certificate of title showed a lien in favor of the credit union. Doris Mae Gumpp will sometimes be herein referred to as "Doris," C. R. Gumpp as "C. R.," San Antonio Teachers Credit Union as "Credit Union," and Philadelphia Life Insurance Company as "Philadelphia Life."

After the death of C. R., Doris made a demand on Philadelphia Life for payment of such policy, and Philadelphia Life refused to pay. Suit was then instituted by Doris for recovery of the amount owing on the automobile at C.R.'s death, attorney's fees, and a statutory penalty of 12 per cent. Riverside Insurance Agency, the insurance agent who issued the policy, was made a party-defendant. However, Riverside was never served with citation and filed no answer. Judgment was entered for Doris in the sum of $4,985.22, interest, and attorney's fees, but recovery was denied for the statutory 12 per cent penalty. The trial court made extensive findings of fact and conclusions of law.

Philadelphia Life appeals from that portion of the judgment awarding recovery under the policy and the award of attorney's fees. Doris appeals from that portion of the judgment denying recovery of statutory penalties provided for under Article 3.62, Tex.Ins.Code Ann. (1963).

Philadelphia Life, by one point of error, asserts that the trial court erred in awarding judgment in the sum of $4,985.22, interest, and attorney's fees.[1] Doris, by one point of error, asserts that the trial court erred in denying recovery of the statutory penalty provided under Article 3.62 of the Texas Insurance Code.

Although neither party raises any questions as to the finality of the judgment, the judgment here does not mention or specifically dispose of Riverside Insurance Agency, who was named as a party-defendant. See North East Ind. School Dist. v. Aldridge, 400 S.W.2d 893 (Tex.1966). As hereinbefore noted, Riverside was never cited and filed no answer herein and made no appearance herein. We are confronted with the question of whether this is an appealable judgment. The general rule is that a judgment is final and therefore appealable only when it disposes of all of the parties. However, there are a substantial number of cases holding that such rule has no application where the judgment disposed of all named parties except those who had not been served and filed no answer. In these cases the judgment was final for the purpose of appeal and the case stood as if there had been a discontinuance as to the parties not served. *Youngstown Sheet & Tube Co. v. Penn*, 363 S.W.2d 230 (Tex. 1962); *Liberty Mutual Ins. Co. v. City of Fort Worth*, 517 S.W.2d 646 (Tex.Civ.App. —Fort Worth 1975, no writ); *Hoover v. Barker*, 507 S.W.2d 299 (Tex.Civ.App.— Austin 1974, writ ref'd n. r. e.) *American Trendex Corp. v. Ultradyne Corp.*, 490 S.W.2d 205 (Tex.Civ.App.—Austin 1973,

---

1. Philadelphia Life has a second point of error to the effect that the trial court did not err in refusing to grant Doris recovery of 12 per cent penalty on the amount of the loss. This is not a point of error and we will consider it as a counter point.

writ ref'd n. r. e.); *Mabry v. Lee*, 319 S.W.2d 125 (Tex.Civ.App.—Beaumont 1958, writ ref'd); 4 McDonald, Texas Civil Practice, *Judgments* § 17.10.3–C., at 76 (1971).

We consider the judgment as an appealable judgment and properly before this Court.

■ The pertinent findings of fact may be summarized as follows: (a) C. R. is dead; (b) Doris is the surviving wife, the sole legatee and devisee of C. R., and also the independent executrix of his estate; (c) C. R. contracted to buy a car for $7,773.22; (d) $5,648.00 was borrowed from the Credit Union of which Doris was a member, but C. R. was not; (e) the promissory note was signed by both C. R. and Doris, Doris as the maker and C. R. as the co-maker; (f) at such time, said Credit Union was not authorized to make loans to non-members, but the Credit Union did require that the spouse of a member making a loan sign as co-maker; (g) title to the car was placed in C. R., who signed the credit security agreement as debtor; (h) the amount owing on the promissory note on the date of C. R.'s death was $4,985.22; (i) C. R. applied for credit life insurance at Riverside Insurance Agency, an independent agent, and the policy was subsequently issued; (j) Doris, after having qualified as independent executrix of the estate of C. R., demanded payment under the policy; (k) Philadelphia Life, after investigating, found out for the first time that the loan was made through a credit union in which Doris was a member and C. R. a non-member; (*l*) Philadelphia Life then denied coverage on the basis that C. R. was not a debtor as defined in the policy and in the Texas Insurance Code; (m) Philadelphia Life also attempted to refund the premium payments, which were not accepted; (n) Doris complied with all provisions of the policy as to the notice, demand, all conditions precedent, and timely brought this suit; (*o*) plaintiff is entitled

to attorney's fees; (p) no penalties should be assessed against Philadelphia Life because their refusal to pay was not willful; (q) certain exhibits were introduced into evidence, including an application for credit life, the credit life agreement, insurance policy, certificate of insurance, promissory note, application for loan, car title, security agreement, and various letters.

In its conclusions of law the court found that (1) C. R. was a debtor within the meaning of the policy and under the provisions of the Texas Insurance Code and Credit Union Act; (2) plaintiff is entitled to a judgment against defendant in the sum of $4,985.22, interest, and attorney's fees; (3) Doris is not entitled to recover additional statutory damages of 12 per cent.

Tex.Ins.Code Ann. art. 3.53, Credit Life Insurance and Credit Health and Accident Insurance § 2.B. (1963), defines a debtor as follows:

> (4) 'Debtor' means a borrower of money or a purchaser of goods, services, property, rights or privileges for which payment is arranged through a credit transaction; . . .[2]

The application for group credit life insurance defines those who are eligible as follows:

> II. ELIGIBILITY: Certain classes of debtors of the creditor under the age of sixty-six (66) years at the time of becoming indebted to the Creditor, who are liable, directly or indirectly, to pay or repay sums of money to the Creditor in one sum or in installments over a period not to exceed sixty months and who agrees to pay the required premium contribution to the creditor, shall be eligible for insurance hereunder, provided that no insurance is granted hereunder with respect to any corporation or association.

The insurance policy has the following definition of eligibility:

---

**2.** The Tex.Bus. & Comm.Code Ann. § 9.105(a)(4) (Tex. UCC 1968), defines a debtor as follows: " 'Debtor' means the person who owes payment or other performance of the obligation secured, whether or not he owns or has rights in the collateral, and includes the seller of accounts, contracts rights or chattel

paper. Where the debtor and the owner of the collateral are not the same person, the term 'debtor' means the owner of the collateral in any provision of the chapter dealing with the collateral, the obligor in any provision dealing with the obligation, and may include both where the context so requires."

This group insurance coverage is limited to those persons of the class defined in the application for the group policy who are under the age of sixty-six (66) years at the effective date of their certificate and who agree to pay the required premium contribution or identifiable insurance charge to the Creditor.

Philadelphia Life relies heavily on *Harrell v. Continental Assurance Co. of Chicago, Ill.*, 381 S.W.2d 223 (Tex.Civ.App.—Austin 1964, no writ). This case is clearly distinguishable from the case before us. In *Harrell*, the deceased, who was not a member of the credit union, signed the note along with his wife, who was a member of such union. The note specifically designated Mrs. Harrell as maker and Mr. Harrell as co-maker. The policy involved contained this provision:

Insurance is to be granted only on the life of the individual debtor whose signature appears first on the Contract of indebtedness. No insurance is to be effective hereunder on the lives of co-makers, co-signers, endorsers or guarantors.

In *Harrell*, Mrs. Harrell signed the note first, she signed as maker and Mr. Harrell signed as co-maker and the note so designated them. The application for loan was signed by Mrs. Harrell. The court denied recovery in a suit by Mrs. Harrell after the death of Mr. Harrell, holding that under all the facts and circumstances, Mrs. Harrell, and not Mr. Harrell, was the insured.

Unlike *Harrell*, there is no provision in the insurance policy involved in the case before us to the effect that insurance is granted only on the life of the individual debtor whose signature appears first in the contract of indebtedness, and that no insurance is to be effective thereunder on the life of co-maker, co-signers, or guarantors.

In the case before us, C. R. was designated as "debtor" in the security agreement, the security involved (automobile) was in his name, he is named in the certificate of insurance as "insured debtor," he was clearly indebted to the creditor by the promissory note, he falls within the eligibility definitions contained in the application for credit life insurance and in the insurance policy,[3] and he is clearly a debtor under the provisions of Art. 3.53.

C. R. was properly a covered insured under the policy. The trial court correctly granted judgment to Doris for the amount owing to the creditor at the time of C. R.'s death, and attorney's fees were properly allowed under the Texas Insurance Code. No complaint is here made to reasonableness of such attorney's fees.

We last consider Doris' point of error that the trial court erred in refusing to award her 12 per cent statutory damages on the amount of the recoverable loss.

Article 3.62, Tex.Ins.Code Ann., provides in part as follows:

In all cases where a loss occurs and the life insurance company . . . liable therefor shall fail to pay the same within thirty days after demand therefor, such company shall be liable to pay the holder of such policy, in addition to the amount of loss, twelve (12%) per cent damages on the amount of such loss together with reasonable attorney fees for the prosecution and collection of such loss.

The penalty provided by Art. 3.62 is recoverable for failure to pay a loss for which the insurer is liable. The cause of action is created by the statute and does not grow out of the contract. The attorney's fees are costs given as reimbursement for expenses incurred in enforcing the contract. *International Security Life Ins. Co. v. Maas*, 458 S.W.2d 484 (Tex.Civ.App.—Houston [1st Dist.] 1970, writ ref'd n. r. e.); *Continental Casualty Co. v. Boerger*, 389 S.W.2d 566 (Tex.Civ.App.—Waco 1965, writ dism'd).

The applicable law is set forth in *Duffer v. American Home Assurance Co.*, 512 F.2d 793 (5th Cir. 1975), as follows:

**3.** Three conditions must be met to be an eligible insured: (1) under the age of 66 years at the time of becoming indebted to creditor; (2) who are liable directly or indirectly to pay or repay sums of money to the creditor; and (3) who agrees to pay the required premium contributions to the creditor. C. R. Gumpp meets these three requirements.

The Texas statute succinctly makes the insurer's failure to pay, within thirty days after demand, the keystone of liability for twelve per cent damages and attorneys' fees. It is notably silent about any other criteria, such as insurer's action in good faith or reasonable grounds for failure to pay. This court, citing Texas cases, said, in *Lumbermen's Mutual Casualty Company v. Klotz* (5 Cir. 1958), 251 F.2d 499, 509, that the Texas statute, unlike some others, '. . . (i)s not a "just cause" or "reasonable cause" penalty statute. Where the 30-day demand has been made, the penalty is due if the Insurer is ultimately held liable on the policy no matter how justifiable was the basis for its unsuccessful defense of non-liability.'

See also *Key Life Ins. Co. of South Carolina v. Davis*, 509 S.W.2d 403 (Tex.Civ.App.—Beaumont 1974, no writ).

The trial court erroneously denied Doris' recovery of the 12 per cent penalty provided for by Art. 3.62, Tex.Ins.Code Ann.

The judgment is reformed so as to provide for an additional recovery of 12 per cent damages on the amount of loss recovered under such judgment. As so reformed, the judgment is affirmed.