**Grace YOUNG, Appellant,**

v.

**Robert O. HUNDERUP, Appellee.**

**No. 3–88–015–CV.**

Court of Appeals of Texas, Austin.

Jan. 11, 1989.

William W. McNeal, Lockhart, for appellant.

W.T. Ley, Austin, for appellee.

Before SHANNON, C.J., and CARROLL and JONES, JJ.

SHANNON, Chief Justice.

Appellee Robert O. Hunderup sued appellant Grace Young, a real estate broker, in the district court of Travis County, for claimed violations of the Deceptive Trade Practices Act. Appellee pleaded that appellant solicited him to purchase a two-acre tract of land in Austin. Appellee averred further that appellant misrepresented to him that the tract was zoned "light industrial." Acting upon the misrepresentation, appellee purchased the land, to his claimed damage. The district court rendered a post-answer default judgment for damages against appellant.

Appellee challenges the jurisdiction of this Court to entertain the appeal upon the basis that appellant failed to timely perfect her appeal. This issue requires a determination of when the district court judgment became final. This Court has concluded that appellee's challenge to the jurisdiction is sound and will dismiss the appeal.

To understand the problem, a recitation of the procedural history of the cause is necessary. Appellant timely filed an original answer to appellee's suit on February 26, 1986. In January 1987, the court rendered a partial summary judgment that appellant was liable to appellee. The court concluded, however, that there existed material issues of fact as to the amount of appellee's damages and attorney's fees.

In April 1987, appellant filed a third-party petition against Winnie Mae Scott, the former landowner who had secured appellant as broker. Appellant pleaded that Scott had supplied her the information upon which she represented to appellee that the land was zoned "light industrial."

Appellee set the cause for jury trial on June 1, 1987. Although notified of the setting, appellant did not appear in person or by counsel on June 1, when the court called the case.[1] About an hour after the first call, the district court again called the case, but neither appellant nor counsel appeared. Appellee at that time waived trial by jury and, after hearing evidence, the district court rendered judgment for appellee.

On the date of the post-answer default judgment, Scott had not filed an answer to the third-party petition. The district court overruled appellant's motion for new trial on August 26, 1987. On October 2, 1987, Scott filed an answer. On December 1, 1987, the district court signed an order severing appellant's third party claim against Scott. Appellant filed her cash bond on December 23, 1987.

Appellant maintains that the June 1 judgment was not final because it did not dispose of her third-party claim against Scott. The judgment did not become final, argues appellant, until December 1, when the court ordered the severance of the third party claim. Accordingly, urges appellant, the cash bond, filed on December 23, was timely and her appeal was perfected.

On the other hand, appellee insists that the June 1 judgment was final and, as a consequence, appellant was required to file her cash bond ninety days from June 1. Tex.R.App.P.Ann. 41(a)(1) (Supp.1989). Appellee claims that because appellant did not timely file her cost bond, this Court is without jurisdiction to consider her appeal. In support of his argument that the June 1 order was final, appellee relies upon the rule of *North East Independent School District v. Aldridge*, 400 S.W.2d 893 (Tex. 1966):

> When a judgment, not intrinsically interlocutory in character, is rendered and entered in a case regularly set for a conventional trial on the merits, no order for a separate trial of issues having been entered pursuant to Rule 174, Texas Rules of Civil Procedure, it will be presumed for appeal purposes that the Court intended to, and did, dispose of all parties legally before it and of all issues made by the pleadings between such parties.

*Id.* at 897–898.

Appellant argues that *Aldridge* is not applicable because (1) the instant case was not one regularly set for a conventional trial on the merits, *see* footnote one, and (2) the judgment under consideration was a default judgment.

This Court agrees that *Aldridge* does not apply, although not for the reasons asserted by appellant. *Aldridge* applies only to parties "legally before" the court, *i.e.*, those parties which have been served and which have made an appearance. In this appeal, there is no showing that on June 1, the third-party defendant had been served and had made an appearance. In fact, the third-party defendant did not make an appearance until some four months subsequent, on October 2.

█ Where the judgment disposes of all named parties except those which have not been served and have not appeared, as in this appeal, the judgment is considered final for purposes of appeal and the case stands as if there had been a discontin-

---

**1.** In her brief, appellant argues that the June 1 setting was in violation of the Travis County local rules because appellee had not paid a jury fee. It is for this reason that appellant claims that the trial was "not regularly set"; that claim is addressed in our discussion of *Aldridge, infra.*

uance as to those parties not served. *Youngstown Sheet and Tube Co. v. Penn,* 363 S.W.2d 230, 232 (Tex.1962); *First Dallas Petroleum, Inc. v. Hawkins,* 715 S.W.2d 168, 169 (Tex.App.1986, no writ); *Gumpp v. Philadelphia Life Insurance Company,* 562 S.W.2d 885, 886 (Tex.Civ.App.1978, no writ); *Hoover v. Barker,* 507 S.W.2d 299, 302–303 (Tex.Civ.App.1974, writ ref'd n.r.e.); *American Trendex Corp. v. Ultradyne Corp.,* 490 S.W.2d 205, 206 (Tex.Civ.App.1973, writ ref'd n.r.e.).

Upon the authority of *Youngstown Sheet and Tube Co. v. Penn, supra,* this Court concludes that the June 1 judgment was final for purposes of appeal. Appellant was required to file her cost bond ninety days from June 1. Because she failed to do so, the appeal is not perfected and this Court is without jurisdiction to consider it.

The appeal is dismissed.