CV5-672 



TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-95-00672-CV







Dwight G. Harden, Appellant



v.



James A. Collins; Wayne Scott, Director of Texas Department of Criminal
Justice--Institutional Division; and Melinda Bozarth, Director of

Paroles Division, Appellees






FROM THE DISTRICT COURT OF TRAVIS COUNTY, 200TH JUDICIAL DISTRICT


NO. 95-06452, HONORABLE PAUL R. DAVIS, JR., JUDGE PRESIDING







PER CURIAM



 Dwight G. Harden attempted an appeal against appellees James A. Collins; Wayne
Scott, Director of Texas Department of Criminal Justice--Institutional Division; and Melinda
Bozarth, Director of Paroles Division. (1) We will dismiss the appeal for want of jurisdiction
because there is no final judgment. North E. Indep. Sch. Dist. v. Aldridge, 400 S.W.2d 893, 895
(Tex. 1966).

 A review of the transcript showed that the judgment did not dispose of all three of
the parties who had been served and who answered. The Clerk of this Court notified the parties
of the problem and asked that either appropriate documents showing finality be tendered in a
supplemental transcript, or that the parties obtain a final judgment and tender it in a supplemental
transcript. Tex. R. App. P. 58(b). The parties have done neither.

 Because we do not have an order or orders disposing of all the parties in this cause,
the appeal is interlocutory. We accordingly dismiss the appeal for want of jurisdiction. See Tex.
Civ. Prac. & Rem. Code Ann. § 51.012 (West 1986); Tex. R. App. P. 60(a)(2). 


Before Justices Powers, Jones and B. A. Smith

Dismissed for Want of Jurisdiction

Filed: April 3, 1996

Do Not Publish

1. At the time he filed his pro se "Petition for Writ of Mandamus," appellant was an
inmate of the Texas Department of Criminal Justice--Institutional Division. The petition
originally named twenty-one respondents. The three named appellees were the only
respondents who were served with citation and who answered. We presume that the
other named parties were dismissed. Youngstown Sheet & Tube Co. v. Penn, 363 S.W.2d
230, 232 (Tex. 1962); Young v. Hunderup, 763 S.W.2d 611, 612 (Tex. App.--Austin 1989, no
writ) (a judgment disposing of all named parties except those not served and who have not
appeared is considered final for purposes of appeal, as if there had been a discontinuance as to
those parties not served).