NUMBER 13-00-292-CV





COURT OF APPEALS





THIRTEENTH DISTRICT OF TEXAS





CORPUS CHRISTI

___________________________________________________________________




RICARDO
GARZA, Appellant, 



v.





PHIL
CRECELIUS, RENE R. BARRIENTOS, RENE R. 

BARRIENTOS, P.C. Appellees.


___________________________________________________________________




On appeal from the 275th District Court

of
Hidalgo County,
 Texas.

___________________________________________________________________




O P I N I O N





Before Chief Justice Seerden, and Justices Dorsey and Rodriguez 

Opinion Per Curiam





We dismiss this entire appeal for want of
jurisdiction for the following reasons. Accordingly, all pending motions are
dismissed as moot except for Barrientos' motion to
dismiss for want of jurisdiction, which is granted. 

In this case, the appellant was the plaintiff in a legal malpractice suit
filed in 1993 against Barrientos, Barrientos,
P.C., and Crecelius. In 1994, summary judgment was
granted in favor of Barrientos and Barrientos, P.C. It appears that at that time, Crecelius had never been served.(1)


The order granting that summary judgment contained a Mother Hubbard clause.
The order states, in pertinent part: 

On this date the Court considered the Motion for Summary Judgment of
Defendants, Rene R. Barrientos and Rene R. Barrientos, P.C. The Court has concluded that such Motion
is meritorious. It is therefore ORDERED that the Motion for Summary Judgment of
Defendants, Rene R. Barrientos and Rene R. Barrientos, P.C., is granted in its entirety; judgement is rendered as a matter of law in favor of Rene
R. Barrientos and Rene R. Barrientos,
P.C., and Plaintiff shall take nothing against those Defendants; . . . and, any
and all relief requested by Plaintiff which is not expressly disposed of by
this Judgment is hereby denied. 



That order was signed on October
 25, 1994 (emphasis added). 



The plaintiff filed a motion for new trial. The trial court never ruled upon
the motion, and thus, it was overruled by operation of law. The plaintiff later
filed a motion to sever, which the trial court denied "for lack of
jurisdiction." The clerk's record on appeal indicates that no other
documents were filed in this cause until September of 1999, over five years after
the summary judgment was signed. 

In September of 1999, the plaintiff filed a new motion for summary judgment,
this time against Defendant Crecelius. Crecelius filed a response to this motion asserting that he
had never been served with the lawsuit. 

We hold that the summary judgment rendered in 1995 was the final judgment in
this cause, and, accordingly, dismiss the entire appeal for want of
jurisdiction. 

First, we hold that the rule in Mafrige and
Inglish applies. Under Mafrige, "[i]f a
summary judgment order appears to be final, as evidenced by the inclusion of
language purporting to dispose of all claims or parties, the judgment should be
treated as final for purposes of appeal." Mafrige v. Ross,
866 S.W.2d 590, 592 (Tex. 1993). In Inglish v.
Union State Bank, 945 S.W.2d 810 (Tex.1997), the supreme court held that
even if a summary judgment grants more relief than was requested, if it
contains a Mother Hubbard clause or "clearly purports to be final,"
it is final and appealable. Id. at
811. 

As this Court has noted, 

Mafrige and Inglish make
clear, [that] the intent of the trial court is not the controlling
consideration in determining whether a judgment is final. Rather, we look to
the four corners of the judgment. The rule, harsh as it is, remains . . . . 

In re Cobos, 994 S.W.2d
313, 315 (Tex. App.--Corpus Christi 1999, no writ.). The practical
effect of this rule is that a final judgment is recognizable on its face. Id.


Accordingly, the 1995 summary judgment stating that "all relief
requested by Plaintiff which is not expressly disposed of by this Judgment is
hereby denied," was the final judgment for purposes of appeal. 

Even if that language had not been included in the judgment, it still would
have been final. The well-established rule is that when a judgment disposes of
all parties who have been served, but not those who have not been served,
"the case stands as if there had been a discontinuance
as to the unserved parties, and the judgment is to be
regarded as final for the purposes of appeal." Youngstown Sheet &
Tube Co. v. Penn, 363 S.W.2d 230, 232 (Tex. 1962); accord Slater v.
National Medical Enterprises, Inc., 962 S.W.2d 228, 232 (Tex.App.-Fort Worth 1998, pet. denied); Osborne v. St. Lukes Episcopal Hosp., 915 S.W.2d 906, 908­09 (Tex.App.--Houston [1st Dist.] 1996, pet. denied); Flanagan
v. Martin, 880 S.W.2d 863, 865 (Tex. App.--Waco 1994, no writ); Young
v. Hunderup, 763 S.W.2d 611, 612­13 (Tex.App.--Austin 1989, no writ); Zepeda v. Bulleri, 739 S.W.2d 496, 496­97 (Tex.App.--San Antonio 1987, no writ); City of Brady v.
Bennie, 735 S.W.2d 275, 287 (Tex. App.--Eastland 1987, no writ); First
Dallas Petroleum, Inc. v. Hawkins, 715 S.W.2d 168, 170 (Tex. App.--Dallas
1986, no writ). 

Crecelius, the only remaining defendant, had not
been served at the time the summary judgment was entered. Accordingly, the
appellate deadlines began to run on October
 25, 1994. Because no appeal from that judgment was taken, we are
without jurisdiction to hear an appeal of that order, or any other subsequent
order purported to be entered in that cause. 

PER CURIAM 

Do Not Publish. 

Tex. R. App. P. 47.3. 

Opinion delivered and filed this 

the 28th day of September, 2000. 





1. Plaintiff has never attempted to refute Crecelius' sworn testimony that he was never served with
the suit.