ACCEPTED
03-15-00763-CV
8409054
THIRD COURT OF APPEALS
AUSTIN, TEXAS
12/30/2015 1:15:00 PM
JEFFREY D. KYLE
CLERK

## NO. 03-15-00763-CV

| | | |
|---|---|---|
| TWIN CREEKS GOLF GROUP, L.P., § | | IN THE THIRD DISTRICT |
| **Appellant** § | | |
| § | | |
| V. § | | COURT OF APPEALS |
| § | | |
| SUNSET RIDGE OWNERS § | | |
| ASSOCIATION, INC., § | | |
| **Appellee.** § | | AUSTIN, TEXAS |

FILED
3rd COURT OF APPEALS
AUSTIN, TEXAS
12/30/2015 1:15:00 PM
JEFFREY D. KYLE
Clerk

### APPELLEE'S RESPONSE TO APPELLANT'S MOTION TO DISMISS FOR LACK OF JURISDICTION

**TO THE HONORABLE JUDGE OF SAID COURT:**

**COMES NOW,** Sunset Ridge Owners Association, Inc. (referred to herein as "Appellee") and files this Response to Appellant's Motion to Dismiss for Lack of Jurisdiction, and in support thereof, would show the Court as follows:

### ARGUMENT AND AUTHORITIES

1.      The basis for Appellant's Motion to Dismiss for Lack of Jurisdiction (the "Motion") is Appellant's contention that the Order on Plaintiff's Traditional Motion for Partial Summary Judgment (CR253-254), in the underlying case, is not final and appealable because Appellee inadvertently included reference to Twin Creeks Property, Ltd. and Twin Creeks Operating Company, L.P. in Plaintiff's Second Amended Original Petition (the "Second Amended Petition") (CR 256-259) when it was filed.  However, neither Twin Creeks Property, Ltd. nor Twin

Creeks Operating Company, L.P. filed an answer or made an appearance in the underlying case (either before or after Appellee filed the Second Amended Petition) and Appellee previously dismissed those parties (CR 251-252). Additionally, Appellee did not request citations for service of process on Twin Creeks Property, Ltd. and Twin Creeks Operating Company, L.P. after it filed its Second Amended Petition and never intended to do so.[1] Accordingly, any reference to those parties in the Second Amended Petition was purely a clerical error.[2]

2.     The general rule is that a judgment is final and appealable only when it disposes of all parties. However, Texas Courts have also held that,

> …there are a substantial number of cases holding that such [general rule] has no application where the judgment complained of disposed of all named parties except those who have not been served and filed no answer. In these cases the judgment was 'final' for purposes of appeal and case stood as if there had been a discontinuance as to the parties not served.

*Gumpp v. Philadelphia Life Ins. Co.,* 562 S.W.2d 885, 889 (Tex. Civ. App. — San Antonio 1978, no writ); *Liberty Mutual Ins. Co. v. City of Fort Worth,* 517 S.W.2d 646, 647 (Tex. Civ. App. — Fort Worth 1975, no writ); *American Trendex Corp. v. Ultradyne Corp.*, 490 S.W.2d 205, 206 (Tex. Civ. App. — Austin, 1973, writ ref'd

---

[1] The facts in this sentence are within the personal knowledge of the attorney signing this motion. TEX. R. APP. P. 10.2.

[2] The facts in this sentence are within the personal knowledge of the attorney signing this motion. TEX. R. APP. P. 10.2.

n.r.e.); *Hoover v. Baker*, 507 S.W.2d 299, 302 (Texas Civ. App. — 1974, writ ref. n.r.e.). In *American Trendex Corp. v. Ultradyne Corp.,* the appellee raised the same issue that Appellant raises in its Motion. *American Trendex Corp.,* 490 S.W.2d at 206. In that case, the appellee claimed that appellant's judgment was interlocutory because the "judgment did not mention, or dispose of, the issues between appellee and one defendant…" *See id.* However, the Court of Appeals overruled appellee's motion because the defendant was not served with process and did not file an answer in the case. *See id.* The Court stated that "the case stands as if there had been a discontinuance as to [that defendant], and the judgment is to be regarded as final for the purpose of appeal." *See id.*

3.      The same holds true in our case. Neither Twin Creeks Property, Ltd. nor Twin Creeks Operating Company, L.P. was served with the Second Amended Petition and neither filed an answer or made an appearance. Therefore, the case stands as if there had been a discontinuance as to Twin Creeks Property, Ltd. and Twin Creeks Operating Company, L.P. and the Order should be regarded as final for the purpose of appeal. Accordingly, this Court should deny Appellant's Motion.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Sunset Ridge Owners Association, Inc. prays the Court deny Twin Creek Golf Group, L.P.'s Motion to

Dismiss For Lack of Jurisdiction and grant it such other and further relief to which it may be justly entitled.

Respectfully submitted,

/s/Noel L. Stout

_____

Noel L. Stout
nstout@abdlawfirm.com
State Bar No. 24033245
ALMANZA, BLACKBURN & DICKIE, LLP
2301 S. Capital of Texas Hwy., Bldg. H
Austin, Texas 78746
(512) 474-9486
(512) 478-7151 Fax

**ATTORNEYS FOR APPELLEE**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document has been sent via email and certified mail, return receipt requested as listed below on this the 30th day of December, 2015.

Allen Halbrook
Sneed, Vine & Perry, P.C.
900 Congress Avenue
Suite 300
Austin, TX  78701
(512) 476-1825 – Fax
ahalbrook@sneedvine.com

/s/Noel L. Stout

_____

Noel L. Stout